Mara D. Curtis (SBN 268869)
Rafael N. Tumanyan (SBN 295402)
Tanner J. Hendershot (SBN 346841)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: mcurtis@reedsmith.com
        rtumanyan@reedsmith.com
        thendershot@reedsmith.com

Attorneys for Defendant
RYDER INTEGRATED LOGISTICS, INC.
(Erroneously sued herein as HADCO
METAL TRADING SANTA FE SPRINGS
CA dba RYDER INTEGRATED
LOGISTICS INC.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>HADCO METAL TRADING SANTA FE SPRINGS CA dba RYDER INTEGRATED LOGISTICS INC.; an DOES 1-50, inclusive,<br><br>          Defendants. | Case No.<br><br>[Superior Court of California, Alameda County Case No. 22CV021674]<br><br>**DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441 AND 1446**<br><br>Complaint Filed:   November 14, 2022<br>Trial Date:          None |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF QUINCY GRIFFIN PERKINS, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant RYDER INTEGRATED LOGISTICS, INC. ("Defendant" or "Ryder", erroneously sued as "Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc.") hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  Defendant removes this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005), 1441, and 1446 and pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1367, and 1441 on the following grounds:

## STATEMENT OF JURISDICTION UNDER CAFA AND FEDERAL QUESTION

1.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. §§ 1332 to provide that a putative class action is removable to federal court if the proposed class members number at least 100; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d).  The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

2.     The Court also has original jurisdiction under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.  Two of Plaintiff's causes of action allege violations of federal law, which necessarily involve the interpretation of and resolution of federal issues.  This Court has supplemental jurisdiction over Plaintiff's remaining causes of action because these causes of action share a common nucleus of operative facts with Plaintiff's other causes of action, namely, Plaintiff's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

alleged employment with Defendant and its alleged failure to fully compensate Plaintiff. *See* 28 U.S.C. §§ 1367(a) and 1441(c).

### PLEADINGS, PROCESS, AND ORDERS

3. On or about November 14, 2022, Plaintiff Quincy Griffin Perkins ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Alameda, entitled *Quincy Griffin Perkins individually and on behalf of all others similarly situated v. Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc.*, Case Number 22CV021674 (hereinafter the "Complaint" in the "State Court Action.").

4. The Complaint is a purported class action alleging the following causes of action: (1) failure to pay overtime wages (Lab. Code §§ 510 and 1194); (2) failure to provide meal periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders); (3) failure to provide rest periods (Lab. Code §§ 226.7 and 512); (4) failure to pay timely wages at end of employment (Lab. Code §§ 201, 202, and 203); (5) failure to provide accurate itemized wage statements (Lab. Code § 226); (6) failure to indemnify necessary business expenses (Lab. Code § 2802); (7) violations of unfair competition law (Bus. & Prof. Code, § 17200, *et seq.*); (8) improper use of consumer credit report (Lab. Code § 1024.5); (9) violation of the Fair Credit Reporting Act for failure to make proper disclosures (15 U.S.C. § 1681b(b)(2)(A)(i)); (10) violation of the Fair Credit Reporting Act for failure to obtain proper authorization (15 U.S.C. § 1681b(b)(2)(A)(ii)); (11) failure to make proper disclosure and obtain proper authorization (Civ. Code § 1786, *et seq.*); and (12) failure to make proper disclosures (Civ. Code § 1785, *et seq.*).

5. A copy of the Summons and Complaint and Civil Case Cover Sheet was served at Corporate Creations Network Inc., on Defendant's California registered corporate agent for service of process, on January 3, 2023. (Declaration of Delores Clark ("Clark Decl.") ¶ 3; Service of Process Notice, attached hereto as Exhibit 1 and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

incorporated herein by reference as if set forth in full). A true and correct copy of the Service of Process Notice is attached hereto as Exhibit 1. True and correct copies of the Summons and Complaint and Civil Case Cover Sheet are attached hereto, collectively, as Exhibit 2 and incorporated herein by reference as if set forth in full.

6.    To Ryder's knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint. [1] Defendants Does 1-50 are presently unnamed and unknown and, therefore, have not been served with the Complaint. (Complaint ("Compl."), ¶ 8).

7.    There is a Complex Determination Hearing scheduled for February 24, 2023, and a Case Management Conference scheduled for March 14, 2023 in the State Court Action. Only notice of the Case Management Conference was filed and served on Defendant. A true and correct copy of the Notice of Case Management Conference is attached hereto as Exhibit 3 and incorporated herein by reference as if set forth in full.

8.    Ryder answered the Complaint in state court on February 2, 2023, but had not received a conformed copy of the answer at the time of the filing of this removal. A true and correct copy of the answer is attached hereto as Exhibit 4. There are no additional hearings or other proceedings in the State Court Action, and Defendant has not received or filed any papers or pleadings in the State Court Action other than those attached hereto as Exhibits 1–4.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9.    Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class

---

[1] As noted above, Ryder was erroneously sued as "Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc." "Hadco Metal Trading Santa Fe Springs CA" is not a DBA name of Ryder, or vice versa. (Clark Decl., ¶ 6) In any event, only one entity was named in the Complaint. (Complaint, *passim*) Ryder is the only entity that has been (erroneously) named and served. In addition, Ryder was Perkins employer. (Bazan Decl., ¶ 5).

---

Case No.:                                                                    - 4 -                  DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

10.    Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. *See* 28 U.S.C. § 1332(d)(5).

11.    The State Court Action is a civil action over which this Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.  Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 84(b), 1441, and 1446(a).  The State Court Action was originally brought in the Alameda County Superior Court, which is located within the Northern District of California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

12.    Plaintiff brought this action on behalf of himself and a putative class pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action.  Compl., ¶ 10.  Plaintiff seeks to represent a class which he defines as: "All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution (collectively referred to as the 'Class' or 'Plaintiff's Class' or 'Class Members')."  Compl. ¶ 10.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13.    Plaintiff also seeks to represent nine subclasses, which he defines as follows:

a. "**Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the 'Meal Period Subclass')."

b. "**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work-day but were not authorized and permitted a rest period (hereinafter collectively referred to as the 'Rest Period Subclass')."

c. "**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between November 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the 'Wage Statement Subclass')."

d. "**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between November 2019 and the present and have separated their employment (hereinafter collectively referred to as the 'Waiting Time Penalty Subclass')."

e. "**Sub-Class 5:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the 'Unfair Business Practice Subclass')."

f. "**Sub-Class 6:** All Class Members who were employed by Defendants during the liability period that had consumer credit reports run by Defendants. (hereinafter collectively referred to as the 'Improper Consumer Credit Report Subclass')."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.:                                      - 6 -              DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

g. **"Sub-Class 7:** The proposed ICRAA CLASS in this action is defined as: All persons residing in California who applied for a job with Defendants in California and who filled out Defendants' standard Disclosure form, or substantially similar form, at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the '**ICRAA CLASS**'). Plaintiff QUINCY GRIFFIN PERKINS brings the claims under the ICRAA, on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.56."

h. **"Sub-Class 8:** The proposed CCRAA Class in this action is defined as: All persons residing in California who applied for a job with Defendants in California and w [sic] who filled out Defendants' standard Disclosure form, or substantially similar form, at any time during the period beginning seven (7) years prior to the filing of this Complaint and ending on the date as determined by the Court (the '**CCRAA Class**'). Plaintiff QUINCY GRIFFIN PERKINS bring the claims under the CCRAA, on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

i. **"Sub-Class 9:** All of Defendant's current, former, and prospective applicants for employment in the United States who applied for a job with Defendant at any time during the period for which a background check was performed beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (**the 'FCRA Class' or 'Nationwide Class'**)."

### The Purported Class Contains At Least 100 Members

14.    In the Complaint, Plaintiff alleges that "...there are at least 100 (one hundred) Class members." Compl., ¶ 15.

15.    Based on a review of its business records, Defendant has determined that the aggregate number of hourly non-exempt employees employed between November

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  14, 2018, and January 20, 2023 is at least 5,066.  (Declaration of Kassie Bazan ("Bazan

2  Decl."), ¶ 4a).  Therefore, there are well over 100 Putative Class Members.

**There Is Diversity of Citizenship Between**

**At Least One Proposed Class Member And One Defendant**

5   16.   CAFA's minimal diversity requirement is satisfied when "any member of

6  a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§

7  1332(d)(2)(A), 1453(b).  Minimal diversity of citizenship exists here because Plaintiff

8  Quincy Griffin Perkins and Defendant are citizens of different states, since Plaintiff is

9  a citizen of California, while Defendant is a citizen of Florida and Delaware.  (Clark

10  Decl., ¶ 4).

11   17.   **Plaintiff's Citizenship.**  For diversity purposes, a person is a "citizen" of

12  the state in which they are domiciled.  *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d

13  1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the

14  intention to remain, or to which he or she intends to return.  *See Kanter v. Warner-*

15  *Lambert Clew & Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

16   18.   Plaintiff Quincy Griffin Perkins is and at all times relevant herein was a

17  citizen of the United States and the State of California.  Based on his employment

18  location and the written representations that Plaintiff Quincy Griffin Perkins made when

19  hired by Ryder and through his termination from Ryder regarding his mailing address

20  for payroll purposes, he worked for Ryder out of Defendant's Livermore, California

21  location that provided services to a Ryder customer, and he provided Ryder with a

22  California address for payroll purposes while employed by Ryder. (Bazan Decl., ¶ 5).

23  *See Lundquist v. Precision Valley Aviation, Inc*., 946 F.2d 8, 11–12 (1st Cir. 1991)

24  (manifestations of domiciliary intent include length of residence, place of employment,

25  possession of a state's driver's license, representation on corporate reports); *Altimore v.*

26  *Mt. Mercy College*, 420 F.3d 763, 768–69 (8th Cir. 2005) (once an individual has

27

28
Case No.:                                     - 8 -          DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship. Manifestations of domiciliary intent include length of residence, place of employment, possession of a state's driver's license, representations on government forms). Plaintiff is and was at all times relevant herein domiciled in the State of California.

19.    **Defendant's Citizenship[2].** For purposes of determining citizenship under CAFA, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business means the corporate headquarters where a corporation's high level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2000). A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters." *Id.* at 93. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed. *See, e.g.*, *Tomblin v. XLNT Veterinary Care, Inc.*, 2010 WL 2757311, at *9–10, Case No. 09cv1940 BTM (JMA) (S.D. Cal. July 12, 2010).

---

[2] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; **and** (2) all the "primary defendants" to be citizens of the state in which the action is filed. 28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.*, 2007 WL 4556920, at *5 (N.D. Cal. Cal. Dec. 20, 2007). Here, Defendant is not a citizen of California and thus the "home state" exception does not apply. Similarly, CAFA's "local controversy" exception is not applicable because Defendant is not a citizen of California and thus all requirements per 28 U.S.C. § 1332(d)(4) cannot be met. Plaintiff's naming of Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc. is in error since "Hadco Metal Trading Santa Fe Springs CA" is not a legal entity associated with Ryder and cannot be used to trigger the "home state" exception under CAFA. (Clark Decl. ¶ 6).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

20.     Defendant is now, and was at the time this action was commenced, a citizen of the states of Florida and Delaware within the meaning of 28 U.S.C. § 1332. (Clark Decl., ¶¶ 4–5).  Ryder is a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Florida.  (*Id*., ¶ 5).  In *Hertz Corp. v. Friend*, the United States Supreme Court held that the "nerve center" test is used to determine a corporation's "principal place of business." 559 U.S. 77, 92–93 (2010).  To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the cooperation's activities." *Id*.  Defendant's principal place of business is indisputably Florida based upon the following factors[3]: (1) it is where the company's home office is located; (2) it is where the directors and stockholders meet; (3) it is where the corporate officers and executives reside; (4) it is where policy decisions are made; (5) it is where the general counsel resides and has its offices; and (5) it is where the administrative and financial offices are located the records kept.  (Clark Decl., ¶ 5).

21.     **Doe Defendants.**     Plaintiffs have also named as Defendants Does 1 through 50.  Compl., ¶ 8.  For purposes of removal based on diversity, "the citizenship of Defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b); *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed Defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).  The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction.  *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

## <u>The Alleged Amount In Controversy Exceeds $5,000,000</u>

---

[3] These factors have previously been considered by courts in determining a corporation's "nerve center." *See, e.g.*, *Inger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.:                                          - 10 -          DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

22.     Under CAFA, the articulated claims of all class members are aggregated to determine whether the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).  Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief."  Staff of S. Comm.   On the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005).  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id.* at 43. ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")

23.     When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal citations omitted).   The District Court considers the allegations of the Complaint, the contents of the removal petition and evidence, such as declarations, in order to determine whether the jurisdictional amount in controversy is met. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).   Accordingly, Ryder may establish the amount in controversy by referencing Plaintiff's allegations and/or by setting forth facts in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.  Indeed, the ultimate inquiry is the amount put "in controversy" by the Plaintiff's complaint, not

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

what a Defendant will actually owe following a trial, if any. *Rippee v. Bostom Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

24.    Ryder denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against Plaintiff's causes of action.    Nevertheless, and without admitting that Plaintiffs and/or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of California law, the statute of limitations period embraced by the claims, and the class definition alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000 for purposes of removal based on the following:

25.    For purposes of determining the aggregate amount in controversy[4] for this motion, the putative class includes 5,066 Putative Class Members who were employed by Defendant during the Class Period[5] for Plaintiff's employment-related claims under the California Labor Code and Business & Professions Code, which date from

---

[4] The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by 1446(c)(2) (B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Although they were not required to do so, Defendant has established that the amount in controversy by referencing Plaintiff's allegations and/or by setting forth information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.

[5] For purposes of this Notice of Removal, Ryder makes the below calculations based on conservative estimates, while excluding the following claims: (2) failure to provide meal periods (Lab. Code §§ 226.7, 512); (3) failure to provide rest periods (Lab. Code § 226.7, 512); (5) failure to provide accurate itemized wage statements (Lab. Code § 226); (6) failure to reimburse necessary business expenses (Lab. Code § 2802); (7) violations of the Business & Professions Code § 17200, et. seq., to the extent Plaintiff alleges specific damages under those provisions; (8) improper use of consumer credit reports (Lab. Code § 1024.5); (9) violation of the Fair Credit Reporting Act for failure to make proper disclosures (15 U.S.C. § 1681b(b)(2)(A)(i)); (10) violation of the Fair Credit Reporting Act for failure to obtain proper authorization (15 U.S.C. § 1681b(b)(2)(A)(ii)); (11) failure to make proper disclosure and obtain proper authorization (Civ. Code § 1786, *et seq.*); and (12) failure to make proper disclosures (Civ. Code § 1785, *et seq.*). As demonstrated below, the amount in controversy when combining two of Plaintiff's causes of action exceeds the threshold amount as required under CAFA.

November 14, 2018 up through January 20, 2023. (Bazan Decl., ¶ 4a). In addition, there were approximately 2,728 Putative Class Members whose employment ended between November 14, 2019 and January 20, 2023. (*Id.*)

26.     The below calculations are conservatively based on the lowest applicable minimum wage in California during the timeframe from November 14, 2018 through January 20, 2023, of $11.00. (Bazan Decl., ¶ 4b). Note, however, that the lowest hourly rate of pay for any Putative Class Member who was employed at any time from November 14, 2018, through January 20, 2023 was always higher than the California minimum wage rate in 2018. (*Id.*) In addition, the Putative Class Members were employed during approximately 292,349 workweeks between November 14, 2018, and January 20, 2023. (*Id.* at ¶ 4d).

27.     **Unpaid Minimum Wages Claim.** In the Complaint, Plaintiff alleges that he and other similarly situated non-exempt employees "consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime," "Plaintiff and Class Members consistently worked off-the-clock, and for unlawfully deducted 30-minute meal periods that were not provided, resulting in an inaccurate payment of minimum and overtime wages," and that "Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime." Compl., ¶¶ 68–70. Based on these allegations, Plaintiff contends that he and the putative Class Members are "entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees." Compl., ¶ 73. California law currently applies a four-year statute of limitations to unfair competition claims based on alleged unpaid wage violations. *See* Cal. Bus. & Prof. Code § 17208.

28.     Plaintiff contends "Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

practices to all non-exempt employees, as they were all engaged in the job duties related to Defendant's transportation/trucking business." Compl., ¶ 23. Alleging a "pattern and practice" can reasonably be interpreted to mean that each class member suffered the alleged harm. *Danielsson v. Blood Ctrs. Of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S. Dist. LEXIS 222539, at *2 (N.D. Cal. Dec. 30, 2019) (finding one hour of overtime for every class member, every week, was reasonable where the complaint alleged a "pattern and practice" of failing to pay overtime wages).

29. ***Total Potential Unpaid Minimum Wages.*** Defendant denies the validity and merit of Plaintiff's claim for unpaid minimum wages. However, for the purpose of removal, Defendant conservatively estimates 1/2 hour of unpaid wages per workweek, based on Plaintiff's allegations that he and Class Members, "consistently worked off-the-clock, and for unlawfully deducted 30-minute meal periods that were not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiff and Class Members." Compl., ¶ 68. He further alleges that "on a daily basis, Plaintiff would arrive approximately 10 minutes early to work to retrieve his paperwork for the day and speak with the dispatcher. Plaintiff then clocked in from the driver's seat of his truck." Compl., ¶ 45. The lowest applicable minimum wage in California during the timeframe from November 14, 2018 through January 20, 2023, of $11.00. (Bazan Decl., ¶ 4b). This results in a weekly unpaid wage obligation of $5.50 [$11.00 x 1/2 hours]. As set forth above, there were approximately 292,349 workweeks attributable to Putative Class Members between November 14, 2018 and January 20, 2023; thus, Defendant's aggregate unpaid wage obligation under Plaintiff's alleged theory would be **$1,607,919.50** [$5.50 x 292,349 weeks], exclusive of the liquated damages that are also available for this alleged minimum wage violation.

30. **Waiting Time Penalties Claim.** Plaintiff seeks penalties under California Labor Code section 203. As set forth in the Complaint, Plaintiff alleges that Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

"willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ." Compl., ¶ 89.  As such, Plaintiff alleges that "Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code § 203" which Plaintiff notes is awarded "in the form of continued compensation for up to thirty (30) work days." Compl., ¶¶ 88, 90.  The statute of limitations for waiting time penalties under Labor Code § 203 is three years.  *See Pineda v. Bank of America*, *N.A.*, 50 Cal. 4th 1389, 1401 (2010).  Defendant denies the validity and merit of Plaintiff's claim.

31.    As noted above, there were approximately 2,728 Putative Class Members whose employment ended between November 14, 2019 and January 20, 2023.  (Bazan Decl., ¶ 4a).  Based on the allegations in the Complaint, these 2,728 individuals seek payment for waiting time penalties, interest, attorneys' fees and costs of suit.  *See* Prayer for Relief.  Further, based upon the lowest applicable California minimum wage rate of $12.00 in 2019, (*see* Bazan Decl., ¶ 4b), thirty days (the statutory penalty) of pay for 2,728 individuals under Plaintiff's theory amounts to **$7,856,640.00** [($12.00 x 8 hrs. x 30 days) x 2,728 Putative Class Members].

**Total Minimum Potential Liabilities and Additional Potential Recoveries Based on the "Employment-Related" Allegations in Plaintiff's Complaint**

| AMOUNT IN CONTROVERSY | |
|---|---|
| Basis for Claim | Amount |
| Failure to Pay Minimum Wage | $1,607,919.50 |
| Waiting Time Penalties | $7,856,640.00 |
| **TOTAL** | **$9,464,559.50** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

32. **Other Damages.** Though the jurisdictional minimum amount in controversy is met and easily surpassed by estimates of the afore-referenced claims, Plaintiff's remaining claims bolster Defendant's position that the amount in controversy exceeds $5,000,000. Apart from his Unfair Competition Law claim extending the purported statute of limitations for some of his other claims to four years, Plaintiff also alleges the following eight causes of action: (1) failure to provide meal periods (Lab. Code §§ 226.7, 512); (2) failure to provide rest periods (Lab. Code §§ 226.7, 512); (3) failure to provide accurate itemized wage statements (Lab. Code § 226); (4) failure to reimburse necessary business expenses (Lab. Code § 2802); (5) improper use of consumer credit reports (Lab. Code § 1024.5); (6) violation of the Fair Credit Reporting Act for failure to make proper disclosures (15 U.S.C. § 1681b(b)(2)(A)(i)); (4) violation of the Fair Credit Reporting Act for failure to obtain proper authorization (15 U.S.C. § 1681b(b)(2)(A)(ii)); (7) failure to make proper disclosure and obtain proper authorization (Civ. Code § 1786, *et seq.*); and (8) failure to make proper disclosures (Civ. Code § 1785, *et seq.*). The evidence is clear that the amount in controversy in this matter easily surpasses the jurisdictional threshold requirement under CAFA even when over half of Plaintiff's causes of action are omitted from the calculus.

33. Moreover, Plaintiff is seeking attorneys' fees, costs, and prejudgment interest on all due and unpaid wages, among others, and further relief as the Court may deem just and proper. *See* Compl., Prayer for Relief. Attorneys' fees awards can properly be included in calculating the amount in controversy, and such awards are commonly in the 25% to 33% range of an award to the class. *See Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy). Notwithstanding the exclusion of the potential liabilities of Plaintiff's remaining claims, Defendant has clearly

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.:                                    - 16 -          DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

1   demonstrated that the potential amount put in controversy by Plaintiffs in their

2   Complaint exceeds the $5,000,000 jurisdictional minimum under CAFA.[6]

3       34.    In sum, through Defendant's own investigation and calculations as set

4   forth herein, a preponderance of the evidence supports removal of this matter because

5   CAFA jurisdiction has been established, even based on conservative calculations.

6   Therefore, removal of this matter is appropriate.

7   ### STATEMENT OF JURISDICTION UNDER 28 U.S.C. § 1331

8       35.    The State Court Action is a civil action over which this Court also has

9   original jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1441.  The Court has original

10  jurisdiction under 28 U.S.C. § 1331 in that this is a civil action arising under the laws

11  of the United States.  Plaintiff alleges two of his causes of action for violations of federal

12  law, which necessarily involve the interpretation of and resolution of federal issues.

13  Specifically, Plaintiff's ninth cause of action alleges that Ryder purportedly violated the

14  federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A)(i), for its alleged failure

15  to make proper disclosures.  *See* Compl. ¶¶ 117–130.  Moreover, Plaintiff's tenth cause

16  of action is under a different subsection of the same federal law, alleging that Ryder

17  purportedly failed to obtain proper authorization from its consumers in violation of the

18  Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A)(ii).  *See* Compl. ¶¶ 131–137;

19  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (noting that

20  the FCRA creates a private right of action for willful or negligent noncompliance with

21  its requirements).  Accordingly, this State Court Action is removable under 28 U.S.C.

22  §§ 1441.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) ("The

23  district courts have original jurisdiction under the federal question statute over cases

24  'arising under the Constitution, laws, or treaties of the United States.'").

25  _____

26  [6] Again, Defendant provides these calculations solely to establish that the amount in controversy
    exceeds the jurisdictional minimum.  Defendant makes no admission of liability and denies Plaintiff's
27  right to recover with respect to any aspect of this case.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## STATEMENT OF SUPPLEMENTAL JURISDICTION

36.    If this Court exercises jurisdiction only pursuant to federal question jurisdiction, then this Court still has supplemental jurisdiction over Plaintiff's remaining causes of action (failure to pay overtime wages, meal periods, rest periods, accurate itemized wage statements, indemnify business expenses, make proper disclosures, obtain proper authorization, and violations of unfair competition law) because these causes of action share a common nucleus of operative facts with Plaintiff's other causes of action, namely, Plaintiff's alleged employment with Defendant and its alleged failure to fully compensate Plaintiff.  *See* 28 U.S.C. §§ 1367(a) and 1441(c).  No California state law issue predominates, and this Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1441(c) is thus appropriate.  Accordingly, this Court has jurisdiction over the entire Complaint and removal is proper.

37.    Supplemental jurisdiction "may be exercised when federal and state claims have a 'common nucleus of operative fact' and would ordinarily be expected to [be tried] all in one judicial proceeding." *Osborn v. Haley*, 549 U.S. 225, 245 (2007).  The allegations in Plaintiff's Complaint make clear that his causes of action for violations of the California Consumer Privacy Acts stem from the same purported actions taken by Ryder that form the basis of his FCRA claims.  *Compare* Compl., ¶ 120 ("DEFENDANTS violated . . . the FCRA by failing to make the disclosures to Plaintiff and members of the FCRA CLASS in a document that consists solely of the disclosure as required by the statute before the report is procured or caused to be procured," *with* Compl., ¶ 132 ("DEFENDANTS violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization,") & Compl., ¶ 145 ("the purported disclosures provided by Defendants to Plaintiff and the ICRAA CLASS are laden with extraneous information and are not clear and unambiguous disclosures in stand-alone documents.") & Compl., ¶ 163

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

("Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees . . . .[which include] Plaintiff and the CCRAA SUBCLASS members . . . ."). Supplemental jurisdiction is appropriate because each claim turns on whether Ryder's purportedly made improper disclosures to employees and applicants in terms of the substance of the disclosures and Ryder's purported use of such disclosures without giving proper notice. *See* Compl., ¶¶ 115–167. Accordingly, supplemental jurisdiction is appropriate. *Cf. Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1026–27 (9th Cir. 2019) (concluding a common nucleus of operative fact exists for purposes of analyzing claim preclusion when the two claims are "related to the same set of facts and . . . could be conveniently be tried together."). Likewise, these causes of action share a common nucleus of operative facts with Plaintiff's other causes of action, namely, Plaintiff's alleged employment with Defendant.

## TIMELINESS OF REMOVAL

38.    This Notice of Removal was filed with the Clerk of the United States District Court within 30 days after service of the Complaint upon Defendant, which was effectuated on January 3, 2023. *See* Exh. 1. Therefore, this Notice is timely under 28 U.S.C. § 1446(b). *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (concluding a case may be removed pursuant to CAFA within 30 days after receipt of the ground for removal is first disclosed).

## Notice To Plaintiff

39.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

Case No.:                                                    DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    WHEREFORE, for all of the foregoing reasons, Defendant hereby removes the

2  State Court Action now pending in the Superior Court of the State of California, County

3  of Alameda, to the United States District Court for the Northern District of California.

4

5  Dated:        February 2, 2023          REED SMITH LLP

6                                         By:  /s/ Mara D. Curtis

7                                              Mara D. Curtis
                                                Rafael N. Tumanyan
8                                               Tanner J. Hendershot

9                                              Attorneys for Defendant
                                                RYDER INTEGRATED LOGISTICS,
10                                              INC. (erroneously sued as HADCO
                                                METAL TRADING SANTA FE
11                                              SPRINGS CA dba RYDER
                                                INTEGRATED LOGISTICS INC.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.:                                      - 20 -         DEFENDANT'S NOTICE OF REMOVAL
QUINCY GRIFFIN PERKINS v. HADCO METAL
TRADING SANTA FE SPRINGS CA dba RYDER
INTEGRATED LOGISTICS, INC.

# EXHIBIT 1



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Ryder Integrated Logistics, Inc.                                                01/04/2023
Cecilia M. Fresquet Labor & Employment Paralegal II
Ryder System, Inc.
11690 NW 105th Street
Law Department - 4th  Floor
Miami FL 33178

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2023-29

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:**<br>**Entity Served If Different:** | Ryder Integrated Logistics, Inc.<br>Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc. |
|---|---|---|
| 2. | **Title of Action:** | Quincy Griffin Perkins, ind. and on behalf of all others similarly situated vs. Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Notice of Case Management Conference |
| 4. | **Court/Agency:** | Alameda County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 22CV021674 |
| 7. | **Case Type:** | Other Employment |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 01/03/2023 |
| 10. | **Date to Client:** | Wednesday 01/04/2023 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 02/02/2023 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | James Hawkins APLC<br>Irvine, CA<br>949-387-7200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above are provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# EXHIBIT 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Quincy Griffin Perkins vs. Hadco Metal Trading Santa Fe Springs CA | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ]  34  Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ]  75  Asbestos (D) |
| | Product liability (24) | [ ]  89  Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]  97  Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]  33  Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ]  79  Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ]  80  Civil rights (G) |
| | Defamation (13) | [ ]  84  Defamation (G) |
| | Fraud (16) | [ ]  24  Fraud (G) |
| | Intellectual property (19) | [ ]  87  Intellectual property (G) |
| | Professional negligence (25) | [ ]  59  Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]  03  Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]  38  Wrongful termination (G) |
| | Other employment (15) | [x]  85  Other employment (G) |
| | | [ ]  53  Labor comm award confirmation |
| | | [ ]  54  Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]  04  Breach contract / Wrnty (G) |
| | Collections (09) | [ ]  81  Collections (G) |
| | Insurance coverage (18) | [ ]  86  Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ]  98  Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]  18  Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]  17  Wrongful eviction (G) |
| | Other real property (26) | [ ]  36  Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]  94  Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ]  47  Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ]  21  Unlawful detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ]  41  Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]  62  Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]  49  Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** |
| | Other judicial review (39) | [ ]  64  Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ]  77  Antitrust / Trade regulation |
| | Construction defect (10) | [ ]  82  Construction defect |
| | Claims involving mass tort (40) | [ ]  78  Claims involving mass tort |
| | Securities litigation (28) | [ ]  91  Securities litigation |
| | Toxic tort / Environmental (30) | [ ]  93  Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]  95  Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ]  19  Enforcement of judgment |
| | | [ ]  08  Confession of judgment |
| Misc Complaint | RICO (27) | [ ]  90  RICO (G) |
| | Partnership / Corp. governance (21) | [ ]  88  Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]  68  All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]  06  Change of name |
| | | [ ]  69  Other petition |

202-19 (5/1/00)

A-13

**Page 23**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
11/14/2022
Chad Finke, Executive Officer / Clerk of the Court
By: X. Bowie Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HADCO METAL TRADING SANTA FE SPRINGS CA dba RYDER INTEGRATED LOGISTICS INC.; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

QUINCY GRIFFIN PERKINS individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse 1225 Fallon St., Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* 22CV021674 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

DATE: *(Fecha)* 11/14/2022   Chad Finke, Executive Officer / Clerk of the Court   Clerk, by *(Secretario)* X. Bowie , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Hadco Metal Trading Santa Fe Springs CA dba Ryder Integrated Logistics

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Page 24

# EXHIBIT 3

**JAMES HAWKINS APLC**
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff QUINCY GRIFFIN PERKINS,
Individually and on behalf of all others similarly situated.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/14/2022 at 09:06:12 PM**
By: Xian-xii Bowie,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HADCO METAL TRADING SANTA FE SPRINGS CA dba RYDER INTEGRATED LOGISTICS INC.; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 22CV021674<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br><br>1.    **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2.    **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**<br>3.    **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512**<br>4.    **Failure to Pay Timely Wages Required by Labor Code § 203**<br>5.    **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>6.    **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>7.    **Violation of Business & Professions Code § 17200, et seq.**<br>8.    **Improper Use of Consumer Credit Report in Violation of Labor Code section § 1024.5**<br>9.    **Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures [15** |

CLASS ACTION COMPLAINT

**Page 25**

**U.S.C. § 1681b(b)(2)(A)(i)];**

**10. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization[15 U.S.C. § 1681b(b)(2)(A)(ii)];**

**11. Failure to Make Proper Disclosure and Obtain Proper Authorization [California Civil Code § 1786 et seq., Investigative Consumer Reporting Agencies Act);**

**12. Failure to Make Proper Disclosure [California Civil Code § 1785 et seq., Consumer Credit Reporting Agencies Act]**

**<u>DEMAND FOR JURY TRIAL</u>**

1    Plaintiff QUINCY GRIFFIN PERKINS ("Plaintiff"), individually and on behalf of all
2  others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"),
3  hereby files this Complaint against Defendants HADCO METAL TRADING SANTA FE
4  SPRINGS CA d/b/a RYDER INTEGRATED LOGISTICS INC.; and DOES 1-50, inclusive
5  (collectively "Defendants") and alleges on information and belief as follows:

<div align="center">

### I.   JURISDICTION AND VENUE

</div>

7       1.    This class action is brought pursuant to California Code of Civil Procedure §382.
8  The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits
9  of the California Superior Court and will be established according to proof at trial.

10      2.    This Court has jurisdiction over this action pursuant to the California Constitution
11  Article VI §10, which grants the California Superior Court original jurisdiction in all causes
12  except those given by statute to other courts. The statutes under which this action is brought do not
13  give jurisdiction to any other court.

14      3.    This Court has jurisdiction over Defendants because, upon information and belief,
15  each Defendant either has sufficient minimum contacts in California, or otherwise intentionally
16  avails itself of the California market so as to render the exercise of jurisdiction over it by the
17  California Courts consistent with traditional notions of fair play and substantial justice.

18      4.    The California Superior Court also has jurisdiction in this matter because the
19  individual claims of the members of the Classes herein are under the seventy-five thousand dollar
20  ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'
21  fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of
22  2005. Further, there is no federal question at issue, as the issues herein are based solely on California
23  statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")
24  and B&PC.

25      5.    Venue is proper in this Court because upon information and belief, one or more of
26  the Defendants, reside, transact business, or have offices in this County and/or the acts or
27  omissions alleged herein took place in this County.

28

<div align="center">

- 1 -
CLASS ACTION COMPLAINT

</div>

## II. PARTIES

6.      Plaintiff QUINCY GRIFFIN PERKINS was employed by Defendants in approximately July 28, 2021, as a Non-Exempt Employee with the title of Truck Driver and worked during the liability period for Defendants until Plaintiff's separation from Defendants' employ in approximately November 17, 2021. Plaintiff's duties included, but were not limited to hauling steel and driving freight trucks.

7.      Defendants HADCO METAL TRADING SANTA FE SPRINGS CA d/b/a RYDER INTEGRATED LOGISTICS INC., operate as a transportation business. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last year.

8.      Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

10.     Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from

the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.    Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work-day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between November 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between November 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 5:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

**Sub-Class 6:** All Class Members who were employed by Defendants during the liability period that had consumer credit reports run by Defendants. (hereinafter collectively referred to as the "Improper Consumer Credit Report Subclass").

**Sub-Class 7:** The proposed ICRAA CLASS in this action is defined as: All persons residing in California who applied for a job with Defendants in California and who filled out Defendants' standard Disclosure form, or substantially similar form, at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "**ICRAA CLASS**"). Plaintiff QUINCY GRIFFIN PERKINS bring the claims under the ICRAA, on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.56.

**Sub-Class 8:** The proposed CCRAA CLASS in this action is defined as: All persons residing in California who applied for a job with Defendants in California and w who filled out Defendants' standard Disclosure form, or substantially similar form, at any time during the period beginning seven (7) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "**CCRAA CLASS**"). Plaintiff QUINCY GRIFFIN PERKINS bring the claims under the CCRAA, on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

**Sub-Class 9:** All of Defendant's current, former, and prospective applicants for employment in the United States who applied for a job with Defendant at any time during the period for which a background check was performed beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court **(the "FCRA Class" or "Nationwide Class")**

12.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.     <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.     <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.       Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.      Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iii.     Whether Defendants failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

iv.      Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class

1  Members for every four hours or major fraction thereof worked and failing to compensate said

2  employees one hours wages in lieu of rest periods;

3         v.    Whether Defendants violated Labor Code §§ 226.7, 512 and applicable

4  IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days

5  they worked work periods in excess of five and ten hours and failing to compensate said

6  employees one hour wages in lieu of meal periods;

7         vi.    Whether Defendants failed to maintain accurate time record including

8  recording Plaintiff and Class Members' meal periods pursuant to Labor Code § 1174.5 and the

9  applicable IWC Wage Orders;

10         vii.    Whether Defendants provided accurate itemized wage statements pursuant

11  to Labor Code section 226;

12         viii.    Whether Defendants willfully failed to provide the class with stand-alone

13  written disclosures before obtaining a consumer report, credit or background report in compliance

14  with the statutory mandates;

15         ix.    Whether Defendants failed to identify a specific basis for requesting a

16  consumer credit report in compliance with statutory requirements;

17         x.    Whether Defendants willfully failed to comply with the ICRAA and/or

18  CCRAA;

19         xi.    Whether Defendants failed to comply with the requirement that disclosures

20  be clear and conspicuous by including extraneous information;

21         xii.    Whether Defendants procured consumer reports and/or investigative

22  consumer reports pursuant to the ICRAA and CCRAA without valid authorization;

23         xiii.    Whether Defendants' failures to comply with the ICRAA and CCRAA were

24  willful or grossly negligent;

25         xiv.    Whether Defendants violated Business and Professions Code and Labor

26  Code §§ 201-203, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1,

27  1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of

28  fundamental public policy; and

xv.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

xvi.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

17.    Typicality. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

18.    Adequacy. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

19.    Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue

- 6 -

1    recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent
2    or contradictory judgments raised by individual litigation.

3        20.    <u>Public Policy Considerations</u>: Employers in the state of California violate
4    employment and labor laws every day. Current employees are often afraid to assert their rights out
5    of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because
6    they believe their former employers may damage their future endeavors through negative
7    references and/or other means. The nature of this action allows for the protection of current and
8    former employees' rights without fear or retaliation or damage.

9    **IV. <u>FACTUAL ALLEGATIONS</u>**

10        21.    At all times set forth herein, Defendants employed Plaintiff and other persons in the
11    capacity of non-exempt positions, however titled, throughout the state of California.

12        22.    Plaintiff is informed and believes Class Members have at all times pertinent hereto
13    been Non-Exempt within the meaning of the California Labor Code and the implementing rules
14    and regulations of the IWC California Wage Orders.

15        23.    Defendants continue to employ Non-Exempt Employees, however titled, in
16    California and implement a uniform set of policies and practices to all non-exempt employees, as
17    they were all engaged in the job duties related to Defendant's transportation/trucking business.

18        24.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and
19    were advised by skilled lawyers and other professionals, employees, and advisors with knowledge
20    of the requirements of California's wage and employment laws.

21        25.    Plaintiff is informed and believes that during the relevant time-frame, all Class
22    Members are citizens of the state of California.

23        26.    During the relevant time-frame, Defendants compensated Plaintiff and Class
24    Members based upon an hourly rate.

25        27.    In addition, the Class Members frequently worked in excess of eight (8) hours a
26    day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the
27    employee's correct rate of pay per hour for overtime.

28        28.    Defendants also failed to properly calculate Plaintiff's and the Class Members'

1   regular rate of pay including but not limited to by failing to include all forms of
2   compensation/remuneration in the regular rate including but not limited to bonuses, incentives,
3   commissions, training and orientation pay, shift differential pay, and other compensation for
4   overtime calculation purposes.

5          29.    Plaintiff and the Class Members were regularly required to work shifts in excess of
6   five hours without being provided a lawful meal period and over ten hours in a day without being
7   provided a second lawful meal period as required by law.

8          30.    Plaintiff and Class Members missed meal breaks several times a week and had late
9   meal breaks. Meal breaks were often interrupted and lasted for less than the 30 minutes required
10  by law. Defendants failed to pay premium wages for missed, short or late meal breaks.

11         31.    On information and belief, during the relevant time period, Defendants would
12  modify Plaintiff's and Class Members' time to include lawfully required meal periods even during
13  times when Plaintiff and Class Members did not receive a full 30-mintues of uninterrupted time
14  for meal periods. Defendants also unlawfully deducted a full 30-minutes of time for meal periods
15  no matter if a Labor Code compliant meal period was provided to Plaintiff and Class Members.
16  Resulting in an underpayment of minimum and overtime wages.

17         32.    Indeed, during the relevant time, as a consequence of Defendants' staffing and
18  scheduling practices, work demands, and Defendants' policies and practices, Defendants
19  frequently failed to provide Plaintiff and the Class Members timely, legally compliant
20  uninterrupted 30-minute meal periods on shifts over five hours as required by law.

21         33.    Similarly, as a consequence of Defendants' staffing and scheduling practices, work
22  demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff
23  and the Class Members legally compliant second meal periods on shifts over ten hours as required
24  by law.

25         34.    Often times, Plaintiff did not take a meal break, but Defendant's system would
26  automatically clock Plaintiff out for a meal break if he was stopped for more than 30 minutes,
27  despite being at a customer's location and working.

28         35.    Plaintiff and Class Members were required to keep their personal cellphones on

1 | their persons at all times during their shifts in order to respond to work related calls, even during
2 | meal periods.

3 |     36.    On information and belief, Plaintiff and Class Members did not waive their rights
4 | to meal periods under the law.

5 |     37.    Plaintiff and the Class Members were not provided with valid lawful on-duty meal
6 | periods.

7 |     38.    Despite the above-mentioned meal period violations, Defendants failed to
8 | compensate Plaintiff, and on information and belief, failed to compensate Class Members, one
9 | additional hour of pay at their regular rate as required by California law when meal periods were
10 | not timely or lawfully provided in a compliant manner.

11 |     39.    Plaintiff are informed and believe, and thereon alleges, that Defendants know,
12 | should know, knew, and/or should have known that Plaintiff and the other Class Members were
13 | entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but
14 | were not receiving such compensation.

15 |     40.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt
16 | Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
17 | period for every four hours worked or major fraction thereof, including third rest breaks which is a
18 | violation of the Labor Code and IWC wage order.

19 |     41.    Defendants failed to provide Plaintiff and on information and belief Class Members
20 | with legally required rest periods. For instance, Plaintiff never took any rest breaks due to the busy
21 | nature of his work schedule. On a daily basis, Plaintiff was required to work through rest periods,
22 | despite logging his rest periods on the time clock.

23 |     42.    Plaintiff and Class Members were required to keep their personal cellphones and
24 | their persons at all times during their shifts in order to respond to work related calls, even during
25 | rest breaks.

26 |     43.    Defendants maintained and enforced scheduling practices, policies, and imposed
27 | work demands that frequently required Plaintiff and Class Members to forego their lawful, paid
28 | rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such

1   requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to

2   provide relief for Plaintiff and Class Members to take their lawfully required breaks.

3       44.    Despite the above-mentioned rest period violations, Defendants did not compensate

4   Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at

5   their regular rate as required by California law, including Labor Code section 226.7 and the

6   applicable IWC wage order, for each day on which lawful rest periods were not authorized and

7   permitted.

8       45.    On information and belief, Defendants also required Plaintiff and Class Members

9   to work off the clock to conduct pre-shift work activities. For instance, on a daily basis, Plaintiff

10  would arrive approximately 10 minutes early to work to retrieve his paperwork for the day and

11  speak with the dispatcher. Plaintiff then clocked in from the driver's seat of his truck. Plaintiff was

12  not compensated for his off the clock pre shift work activities.

13      46.    Similarly, on information and belief, Defendants also failed to compensate Plaintiff

14  and Class Members for post-shift activities. On a daily basis, at the end of his shift, Plaintiff would

15  clock out and then lock up the warehouse prior to leaving. Plaintiff was not compensated for time

16  spent locking up after clocking out.

17      47.    On information and belief, Defendants also required Plaintiff and Class Members

18  to work off the clock because Defendants required employees to use their personal cell phones for

19  work related purposes, on and off the clock. For instance, Defendant's management would call

20  and/or text message Plaintiff while off the clock to discuss work related matters. Often times,

21  these text messages and phone calls would occur as late as 8:00 p.m. Plaintiff instructed his boss

22  not to contact him after work for work related purposes. Thereafter, if Plaintiff did not respond to

23  management's text messages or phone calls, Plaintiff was written up for it and subject to

24  discipline. Despite these realities of the job, Plaintiff was never compensated for any of his off-

25  the-clock communications for work purposes.

26      48.    Defendants also failed to reimburse Plaintiff and Class Members for business

27  expenses incurred pursuant to Labor Code section 2802. For instance, Plaintiff and Class Members

28  were required to use their personal cellphones to carry out their work-related duties while under

- 10 -
CLASS ACTION COMPLAINT

1    the direction and control of Defendants. Plaintiff and Class Members were required to use their

2    personal cell phones to communicate with Defendants' management, while on and off the clock.

3    Despite these realities, Defendants failed to reimburse Plaintiff and Class Members for their

4    personal cellphone use.

5        49.    Defendants also failed to reimburse Plaintiff and on information and belief Class

6    Members for tools required for the job. For instance, Defendants required Plaintiff to provide his

7    own pry bar tool, but failed to reimburse Plaintiff for the out -of-pocket cost.

8        50.    Defendants also failed to provide accurate, lawful itemized wage statements to

9    Plaintiff and the Class Members in part because of the above-specified violations. In addition,

10   upon information and belief, Defendants omitted an accurate itemization of total hours worked,

11   including premiums due and owing for meal and rest period violations, overtime pay, gross pay

12   and net pay figures from Plaintiff and the Class Members' wage statements.

13       51.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

14   mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

15   thereof for resignations without prior notice as the case may be) they had a duty to accurately

16   compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and

17   rest period premiums, and that Defendants had the financial ability to pay such compensation, but

18   willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-

19   specified violations.

20       52.    Defendants violated Labor Code section 203 by failing to timely pay Plaintiff his

21   final wages owed. Plaintiff resigned from his employment on November 17, 2021 and did not

22   receive his final pay within 72 hours of his resignation as required by the law. Defendants

23   provided Plaintiff his final pay via paper check on November 21, 2021.

24       53.    During the relevant time period, Defendants unlawfully conducted credit and

25   background checks of job applicants including Plaintiff and Class Members in violation of

26   California law.  Specifically, as part of the employment application, Defendants required Plaintiff

27   and Class Members to sign a "Background Screening Consent Form" and "Authorization to

28   Release Information and Records" for Defendants to perform a background check and obtain

1   consumer credit reports. This form is embedded with extraneous information and surplusage

2   pertaining to several state law requirements, fails to provide all the requisite information and

3   contains a liability waiver. This document fails to meet the "clear and conspicuous"

4   requirement under California and Federal law.

5        54.    During the relevant time period, Defendants willfully violated the Consumer

6   Credit Reporting Agencies Act, Civil Code section 1785, *et seq.* ("CCRAA") by not providing the

7   proscribed written notice to Plaintiff and Class, including but not limited to, identifying the

8   specific basis under Lab. Code §1024.5 for use of the consumer credit report.

9        55.    During the relevant time period, Defendants willfully violated the Investigative

10  Consumer Reporting Agencies Act, Civil Code section 1786, *et seq.* ("ICRAA") by not

11  providing appropriate statutory notice to Plaintiff and Class Members prior to performing a

12  background and credit check. The disclosure/authorization documents provided to Plaintiff and

13  Class Members fail to provide all the requisite statutory information, contained extraneous

14  information and a liability waiver. The disclosure/authorization documents Plaintiff and Class

15  Members were required to fill out and sign failed to provide the requisite disclosure in a clear

16  and conspicuous stand-alone document.

17       56.    During the relevant time period, Defendants willfully violated the Fair Credit

18  Reporting Act ("FCRA") 15 USC 1681 *et seq.* by not providing proper statutory notice and

19  disclosures to Plaintiff and Class Members prior to performing a background check. The

20  disclosure/authorization documents provided to Plaintiff and Class Members fail to provide all

21  the requisite statutory information including but not limited to the name, address and telephone

22  number of reporting agency. The disclosure/authorization document fails to provide to Plaintiff

23  and Class Members "clear and conspicuous" notice in the form of a stand-alone document. The

24  disclosures and authorization forms also include extraneous information or surplusage in

25  violation of the law.

26       57.    Defendants also violated the FCRA by including a release of liability and other

27  extraneous information, in violation of section 1681b(b)(2)(A) of the FRCA. Additionally, the

28

- 12 -

CLASS ACTION COMPLAINT

1   inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous"

2   and "clear and accurate" and therefore violates sections 1681b(b)(2)A)0 and 1681(d)(a).

3        58.    Upon information and belief, Defendants knew and or should have known that it is

4   improper to implement policies and commit unlawful acts such as:

5        (a)    requiring employees to work four (4) hours or a major fraction thereof without

6   being provided a minimum ten (10) minute rest period and without compensating the employees

7   with one (1) hour of pay at the employees' regular rate of compensation for each workday that a

8   rest period was not provided;

9        (b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day

10  without being provided an uninterrupted thirty-minute meal period and/or a second meal period,

11  and without compensating employees with one (1) hour of pay at the regular rate of compensation

12  for each workday that such a meal period was not provided;

13       (c)    failing to pay overtime and minimum wages;

14       (d)    failing to provide accurate itemized wage statements;

15       (e)    failing to timely pay Plaintiff and Class Members;

16       (f)    for improper use of consumer credit reports;

17       (g)    failure to reimburse business expenses; and

18       (h)    conducting and engaging in unfair business practices.

19       59.    In addition to the violations above, and on information and belief, Defendants knew

20  they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and

21  that Defendants had the financial ability to pay such compensation, but willfully, knowingly,

22  recklessly, and/or intentionally failed to do so.

23       60.    Plaintiff and Class Members they seek to represent are covered by, and Defendants

24  are required to comply with, applicable California Labor Codes, Industrial Welfare Commission

25  Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable

26  provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

27       61.    Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq.

28  ("FCRA"), the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq., and the

California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 et seq.).

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

#### (Against All Defendants)

62.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

63.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

64.    At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

65.    At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

66.    Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

67.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

68.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members.

69.    At all times relevant, Plaintiff and Class Members consistently worked off-the-clock, and for unlawfully deducted 30-minute meal periods that were not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiff and Class Members.

70.    Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

71.    At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

72.    Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

73.    Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

74.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

- 15 -
CLASS ACTION COMPLAINT

75.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

76.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

77.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

78.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

79.     Plaintiff and the Class Members she seeks to represent did not voluntarily or

1  willfully waive meal periods and were regularly required to work shifts without being provided all

2  of their legally required meal periods. Defendants created a working environment in which

3  Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling

4  and/or work related demands placed upon them by Defendants as discussed above. On information

5  and belief, Defendants' implemented a policy and practice which resulted in systematic and class-

6  wide violations of the Labor Code. On information and belief, Defendants' violations have been

7  widespread throughout the liability period and will be evidenced by Defendants' time records for

8  the Class Members.

9      80.    As a result of the unlawful acts of Defendants described herein, Plaintiff and the

10  Class Members they seek to represent have been deprived of premium wages in amounts to be

11  determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

12  recover one (1) hour of premium pay for each day in which a meal period was not provided, along

13  with interest and penalties thereon, attorneys' fees, and costs.

14  <div align="center">**THIRD CAUSE OF ACTION**</div>

15  <div align="center">**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**</div>

16  <div align="center">**(Against All Defendants)**</div>

17      81.    Plaintiff incorporates and re-alleges each and every allegation contained above as

18  though fully set forth herein.

19      82.    Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

20  employment by Defendants, "Every employer shall authorize and permit all employees to take rest

21  periods, which insofar as practicable shall be in the middle of each work period.... [The]

22  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

23  minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period

24  time shall be counted as hours worked, for which there shall be no deduction from wages." Labor

25  Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period

26  mandated by an applicable order of the IWC.

27      83.    Defendants were required to authorize and permit employees such as Plaintiff and

28  Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes

1  net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

2  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'

3  employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and

4  Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major

5  fraction thereof.

6       84.    On information and belief, Defendants created a working environment in which

7  Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling

8  and/or work related demands placed upon them by Defendants to meet the needs of Defendants'

9  business as discussed above. On information and belief, Defendants implemented a policy and

10 practice which resulted in systematic and class-wide violations of the Labor Code. On information

11 and belief, Defendants' violations have been widespread throughout the liability period.

12      85.    As a proximate result of the aforementioned violations, Plaintiff and Class

13 Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor

14 Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for

15 each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus

16 interest and penalties thereon, attorneys' fees, and costs.

17                        **FOURTH CAUSE OF ACTION**

18                   **FAILURE TO PAY TIMELY PAY WAGES**

19                          **(Against All Defendants)**

20      86.    Plaintiff incorporates and re-alleges each and every allegation contained above as

21 though fully set forth herein.

22      87.    Labor Code §§201-202 requires an employer who discharges an employee to pay

23 compensation due and owing to said employee immediately upon discharge and that if an

24 employee voluntarily leaves his or her employment, his or her wages shall become due and

25 payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

26 two (72) hours previous notice of his or her intention to quit, in which case the employee is

27 entitled to his or her wages on their last day of work.

28      88.    Labor Code §203 provides that if an employer willfully fails to pay compensation

                                    - 18 -
                            CLASS ACTION COMPLAINT

1  promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting

2  time penalties in the form of continued compensation for up to thirty (30) work days.

3        89.    During the relevant time period, Defendants willfully failed and refused, and

4  continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and

5  unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily

6  leaving Defendants' employ. These wages include regular and overtime.

7        90.    As a result, Defendants are liable to Plaintiff and members of the Non-Exempt

8  Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount

9  according to proof at the time of trial.

10  <div align="center">**FIFTH CAUSE OF ACTION**</div>

11  <div align="center">**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**</div>

12  <div align="center">**(Against All Defendants)**</div>

13        91.    Plaintiff incorporates and re-alleges each and every allegation contained above as

14  though fully set forth herein.

15        92.    Section 226(a) states that An employer, semi-monthly or at the time of each

16  payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

17  draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

18  or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

19  worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units

20  earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

21  deductions, provided that all deductions made on written orders of the employee may be

22  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

23  which the employee is paid, (7) the name of the employee and only the last four digits of his or her

24  social security number or an employee identification number other than a social security number,

25  (8) the name and address of the legal entity that is the employer.

26        93.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

27  statements all deductions from payment of wages and to accurately report total hours worked by

28  Plaintiff and the Class including applicable hourly rates among other things. Defendants have

<div align="center">- 19 -</div>
<div align="center">CLASS ACTION COMPLAINT</div>

1  knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage

2  statements that have been provided to Plaintiff and the Class.

3     94.    IWC Wage Orders require Defendants to maintain time records showing, among

4  others, when the employee begins and ends each work period, meal periods, split shift intervals

5  and total daily hours worked in an itemized wage statement, and must show all deductions and

6  reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

7  the Class. On information and belief, Defendants have failed to record all or some of the items

8  delineated in Industrial Wage Orders and Labor Code §226.

9     95.    Defendants fail to identify the amounts and hours for items listed on its paystubs,

10 including but not limited to stipend amount.

11    96.    Defendants have failed to accurately record all time worked.

12    97.    Defendants have also failed to accurately record the meal and rest period premiums

13 owed and all wages owed per pay period.

14    98.    Plaintiff and the Class have been injured as they were unable to determine whether

15 they had been paid correctly for all hours worked per pay period among other things.

16    99.    Defendants also failed to identify the rate of pay in their paystubs.

17    100.   Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a

18 maximum of $4,000 each for record keeping violations.

19    101.   Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)

20 of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

21 per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

22 for each violation in a subsequent citation, for which the employer fails to provide the employee a

23 wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

24                              **SIXTH CAUSE OF ACTION**

25              **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

26                                **(Against All Defendants)**

27    102.   Plaintiff incorporates and re-alleges each and every allegation contained above as

28 though fully set forth herein.

103.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of their personal cellphone usage and personal funds usage as described above, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements.

104.    Defendants also failed to reimburse Plaintiff and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Plaintiff and Class Members were required to use their personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiff and Class Members were required to use their personal cell phones to communicate with Defendants' management, while on and off the clock. Despite these realities, Defendants failed to reimburse Plaintiff and Class Members for their personal cellphone use.

105.    Additionally, Defendants also failed to reimburse Plaintiff and on information and belief Class Members for tools required for the job. For instance, Defendants required Plaintiff to provide his own pry bar tool, but failed to reimburse Plaintiff for the out of pocket cost.

106.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

107.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

///

///

///

- 21 -
CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.

#### (Against All Defendants)

108.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

109.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

110.    Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

111.    A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

112.    Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

113.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

///

## EIGHTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 1024.5.

### (Against All Defendants)

114.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

115.    Labor Code § 1024.5 states in pertinent part: "(a) An employer or prospective employer shall not use a consumer credit report for employment purposes unless the position of the person for whom the report is sought is any of the following: (1) A managerial position; (2) A position in the state Department of Justice; (3) That of a sworn peace officer or other law enforcement position; (4) A position for which the information contained in the report is required by law to be disclosed or obtained; (5) A position that involves regular access, for any purpose other than the routine solicitation and processing of credit card applications in a retail establishment, to all of the following types of information of any one person; (A) Bank or credit card account information; (B) Social security number; (C) Date of birth; (6) A position in which the person is, or would be, any of the following; (A) A named signatory on the bank or credit card account of the employer; (B) Authorized to transfer money on behalf of the employer; (C) Authorized to enter into financial contracts on behalf of the employer; (7) A position that involves access to confidential or proprietary information, including a formula, pattern, compilation, program, device, method, technique, process or trade secret that (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who may obtain economic value from the disclosure or use of the information, and (ii) is the subject of an effort that is reasonable under the circumstances to maintain secrecy of the information; (8) A position that involves regular access to cash totaling ten thousand dollars ($10,000) or more of the employer, a customer, or client, during the workday." None of these factors apply to Plaintiffs.

116.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 1024.5.

# NINTH CAUSE OF ACTION

## FOR FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(i), ET SEQ.]

### (Against All Defendants)

117.    Plaintiff, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

118.    15 U.S.C. § 1681b(b(2)(A)(i) provides that:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless –
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

119.    The purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in standalone documents.

120.    First, DEFENDANTS violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by failing to make the disclosures to Plaintiff and members of the FCRA CLASS in a document that consists solely of the disclosure as required by the statute before the report is procured or caused to be procured.

121.    This violates the so-called "standalone" disclosure requirement in 15 U.S.C. §1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendants' disclosure combines both federal and state disclosures, among other extraneous and irrelevant information. *Gilberg v. California Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir. 2019).

122.    Second, DEFENDANTS further violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by failing to make proper, clear and conspicuous disclosures to Plaintiff an and members of the FCRA CLASS as required by the statute before the consumer report is procured or caused to be procured.

123.    The FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it includes references to information unrelated to the FCRA-mandated

disclosure and combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176.

124.    The violations of the FCRA were willful based on the clear statutory text and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in subsection (ii), shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-03).

125.    Moreover, the guidance by the Federal Trade Commission is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC Opinion Letter, 1997WL 33791227, at *1 (Oct. 21, 1997)(the "document should include nothing more than the disclosure and the authorization for obtaining a consumer report"; *see also* FTC Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC Opinion Letter, 1998 WL 34323756, *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A)).

126.    Defendants' violation of the "clear and conspicuous disclosure" requirement was willful. Defendants knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of his rights under the FCRA.

127.    Defendants acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

128.    Plaintiff and the other FCRA CLASS Members are entitled to actual damages and/or statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

129.    Plaintiff and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

130.    Plaintiff and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

**TENTH CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATIONS OF THE**

**FCRA [15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(Against All Defendants)**

131.     PLAINTIFF and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

132.     DEFENDANTS violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

133.     The violations of the FCRA were willful. DEFENDANTS acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

134.     As a result of Defendants' illegal procurement of consumer reports as set forth above, PLAINTIFF and FCRA CLASS Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA, and suffering increased risk of identity theft or fraud.

135.     PLAINTIFF and the FCRA CLASS Members are entitled to actual damages and/or statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

136.     PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

137.     PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA [CAL.**

**CIV. CODE § 1786 ET SEQ.]**

**(Against All Defendants)**

138.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

139.     Defendants are "person[s]" as defined by Section 1786.2(n) of the Investigative

- 26 -
CLASS ACTION COMPLAINT

Consumer Reporting Agencies Act ("ICRAA").

140. Plaintiff and ICRAA SUBCLASS members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

141. Section 1786.2(c) of the ICRAA defines an "investigative consumer report" as: a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

142. Thus, Defendants' background checks qualify as an investigative consumer report under the ICRAA.

143. Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time. an investigative consumer report is sought for employment purposes... the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

i. An investigative consumer report may be obtained.

ii. The permissible purpose of the report is identified.

iii. The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

iv. Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

v. Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

vi. Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in the clause (iv), or, if the agency has no Internet Website address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section1786.20. . . .

(C) The consumer has authorized in writing the procurement of the report.

144. As described above, Plaintiff alleges that in evaluating his and other ICRAA CLASS members for employment or during employment, Defendants procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

145. Further, as described above, the purported disclosures provided by Defendants to Plaintiff and the ICRAA CLASS are laden with extraneous information and are not clear and unambiguous disclosures in stand-alone documents.

- 27 -
CLASS ACTION COMPLAINT

146.    Under the ICRAA, it is unlawful to procure or caused to be procured, an investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of extraneous information, in particular those disclosures related to the rights of applicants or employees in other states, therefore, violates Civil Code § 1786. 16(a)(2)(B) of the ICRAA.

147.    The plain language of the statute clearly indicates that the inclusion of this extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist of "solely" of the disclosure.

148.    By including the extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B). Upon information and belief, PLAINTIFF alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for PLAINTIFF and class members without first providing a valid written disclosure in compliance with §1786.16(a)(2)(B) of the ICRAA, as described above.

149.    Further, Defendants did not obtain proper authorization for the disclosure, in violation of 1786.16(a)(2)(C). Specifically, PLAINTIFF did not authorize disclosures related to the "CA Disclosure" page, which did not contain any signatures or acknowledgement of receipt.

150.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and ICRAA CLASS Members.

151.    As a result of Defendants' illegal procurement of background reports by way of its inadequate disclosures, as set forth above, Plaintiff and ICRAA CLASS members have been injured, including, but not limited to, having his privacy and statutory rights invaded in violation of the ICRAA.

152.    Plaintiff, on behalf of himself and all ICRAA CLASS members, seek all available remedies pursuant to Cal. Civ. Code § 1786.50, including actual damages, punitive damages, and attorneys' fees and costs.

153.    In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

### [CAL. CIV. CODE § 1785 ET SEQ.]

#### (Against All Defendants)

154.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

155.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

156.    Plaintiff and CCRAA SUBCLASS members are "consumers" within the· meaning of Section 1785.3(b) of the CCRAA, because they are "natural individuals."

157.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as: Any written, oral, or other communication or any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ... (2) employment purposes. . .

158.    Thus, a credit report qualifies as a consumer credit report under the CCRAA.

159.    Section 1785.20.5(a) of the CCRAA provides, in relevant part: Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used and shall identify the specific basis under subdivision(a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report . . .

160.    As described above, Plaintiff alleges that in evaluating his and other CCRAA CLASS members for employment or during employment, Defendants procured or caused to be

- 29 -
CLASS ACTION COMPLAINT

prepared consumer credit reports (e.g., credit reports), as defined by Cal. Civ. Code § 1785.3(c).

161.    The notice provided to Plaintiff and the CCRAA CLASS members in connection with this consumer credit report failed to identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.

162.    This constitutes a violation of the Labor Code section 1785.20.5.

163.    In addition, upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before, procuring credit reports or causing credit reports to be procured as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit report to be procured for Plaintiff and CCRAA SUBCLASS members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

164.    Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members, Defendants' willful conduct is reflected by, among other things, the following facts:

a) Defendants are large corporations with access to legal advice

b) Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidence Declarants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

c) The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

165.    As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

166.     Plaintiff, on behalf of herself and all CCRAA CLASS members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

167.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to. actual damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class;

3.      That Plaintiff be appointed as the representative of the Subclass; and

4.      That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.      For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.      For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.      For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.      For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.      For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.      For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1.      For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.      For such other and further relief as the Court deems proper.

1                         <u>On the Fourth Cause of Action</u>

2     1.       For statutory penalties pursuant to Labor Code §203;

3     2.       For interest for wages untimely paid; and

4     3.       For such other and further relief as the Court deems proper.

5                         <u>On the Fifth Cause of Action</u>

6     1.       For statutory penalties pursuant to Labor Code §226;

7     2.       For interest for wages untimely paid;

8     3.       For penalties pursuant to Labor Code §266.3; and

9     4.       For such other and further relief as the Court deems proper.

10                        <u>On the Sixth Cause of Action</u>

11     1.       For statutory penalties pursuant to Labor Code §2802;

12     2.       For interest for wages untimely paid; and

13     3.       For such other and further relief as the Court deems proper.

14                       <u>On the Seventh Cause of Action</u>

15     1.       That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

16 Class Members for their past failure to accurately pay overtime, failing to pay minimum wages,

17 failing to reimburse expenses, failing to provide accurate itemized wage statements and failing to

18 provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium

19 pay when a meal or rest break period was not provided or provided outside of the required time

20 frames as described herein to Plaintiff and Class Members over the last four (4) years in an

21 amount according to proof;

22     2.       For pre-judgment interest on any unpaid wages due from the day that such amounts

23 were due;

24     3.       For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

25 recover;

26     4.       For costs of suit incurred herein; and

27     5.       For such other and further relief as the Court deems proper.

28

On the Eighth Cause of Action

1.    For statutory penalties pursuant to Labor Code §1024.5;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Ninth & Tenth Causes of Action

(Violation of FCRA)

1.    A determination and judgment that Defendants willfully violated 15 U.S.C. §1681(b)(2)(A)(i) and(ii) of the FCRA by failing to make requisite clear and conspicuous disclosures and/or including extraneous information in their background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

2.    Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of actual damages and/or statutory damages to Plaintiff and the members of the FCRA SUBCLASS in an amount equal to $1,000 for Plaintiff and each FCRA CLASS Member for Defendants willful violation of the FCRA;

3.    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

4.    An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and

5.    Such other and further relief as the Court deems just and equitable.

On the Eleventh Cause of Action

(Violation of ICRAA)

1.    A determination and judgment that Defendants willfully violated the ICRAA by failing to make requisite clear and conspicuous disclosures and/or including extraneous information in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and ICRAA SUBCLASS Members without having proper authorization to do so;

2.    An award of actual damages to Plaintiff and the members of the ICRAA CLASS;

3.    An award of punitive damages to Plaintiff and other ICRAA CLASS Members;

- 33 -
CLASS ACTION COMPLAINT

1      4.      An award for costs of suit and reasonable attorneys' fees pursuant to Cal Civ.

2 Code§ 1786.50;

3      5.      Such other and further relief as the Court deems just and equitable.

4 <p align="center">On the Twelfth Cause of Action</p>

5      1.      A determination and judgment that Defendants willfully violated the CCRAA;

6      2.      Injunctive Relief;

7      3.      An award of actual damages and/or statutory damages to Plaintiff and CCRAA

8 CLASS MEMBERS;

9      4.      An award for costs of suit and reasonable attorneys' fees pursuant to statute; and

10      5.      Such other and further relief as the Court deems just and equitable.

11 <p align="center">**DEMAND FOR JURY TRIAL**</p>

12 Plaintiff and members of the Class and Subclass request a jury trial in this matter.

13

14

15 Dated: November 14, 2022            JAMES HAWKINS APLC

16

17                      By: _____

                        JAMES R. HAWKINS, ESQ.

18                         GREGORY MAURO, ESQ.

                        MICHAEL CALVO, ESQ.

19                         LAUREN FALK, ESQ.

                        AVA ISSARY, ESQ.

20                         Attorneys for Plaintiff QUINCY GRIFFIN

21                         PERKINS individually and on behalf of all

                        others similarly situated.

22

23

24

25

26

27

28

# EXHIBIT 3

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/14/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF:<br>QUINCY GRIFFIN PERKINS individually and on behalf of all others | |
| DEFENDANT:<br>HADCO METAL TRADING SANTA FE SPRINGS CA | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV021674 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/14/2023    Time: 8:30 AM    Dept: 23
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

**Page 61**

<table>
<tr><td colspan="2"><b>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA</b></td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td colspan="2">COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612</td><td rowspan="3"><b>FILED</b><br>Superior Court of California<br>County of Alameda<br>11/14/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>X. Bowie</td></tr>
<tr><td colspan="2">PLAINTIFF/PETITIONER:<br>QUINCY GRIFFIN PERKINS individually and on behalf of all others similarly situated</td></tr>
<tr><td colspan="2">DEFENDANT/RESPONDENT:<br>HADCO METAL TRADING SANTA FE SPRINGS CA</td></tr>
<tr><td colspan="2" align="center"><b>CERTIFICATE OF MAILING</b></td><td>CASE NUMBER:<br>22CV021674</td></tr>
</table>

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
JAMES HAWKINS APLC
9880 Research Drive, Suite 200 Suite 200
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/16/2022                    By:

X. Bowie, Deputy Clerk

JAN 0 3 2023

# EXHIBIT 4

1  Mara D. Curtis (SBN 268869)
   Rafael N. Tumanyan (SBN 295402)
2  Tanner J. Hendershot (SBN 346841)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone: +1 213 457 8000
   Facsimile: +1 213 457 8080
5  Email:   mcurtis@reedsmith.com
             rtumanyan@reedsmith.com
6            thendershot@reedsmith.com

7  Attorneys for Defendant
   RYDER INTEGRATED LOGISTICS, INC.
8  (erroneously sued herein as HADCO METAL
   TRADING SANTA FE SPRINGS CA dba
9  RYDER INTEGRATED LOGISTICS INC.)

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11        **FOR THE COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE**

12  QUINCY GRIFFIN PERKINS individually      Case No. 22CV021674
    and on behalf of all others similarly situated,
13                                            [Assigned for all purposes to the Honorable
                                              Brad Seligman, Department 23]
14              Plaintiff,
                                              **DEFENDANT RYDER INTEGRATED**
15        v.                                  **LOGISTICS, INC.'S ANSWER TO**
                                              **PLAINTIFF'S UNVERIFIED CLASS-**
16  HADCO METAL TRADING SANTA FE             **ACTION COMPLAINT**
    SPRINGS CA dba RYDER INTEGRATED
17  LOGISTICS INC.: and DOES 1-50, inclusive,   Complaint Filed:    November 14, 2022
                                                 Trial Date:        None
18              Defendants,

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendant RYDER INTEGRATED LOGISTICS, INC. ("Defendant") hereby Answers Plaintiff Quincy Griffin Perkins' ("Plaintiff") unverified Complaint ("Complaint") as follows:

1.    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further denies, generally and specifically, that Plaintiff and/or any putative class member has been, is or will be injured or damaged in any amount, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.

2.    Without waiving or excusing any of the burdens of proof and production of evidence of Plaintiff and/or the putative class members, and without admitting that Defendant has any burden of proof, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.    Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.    Defendant alleges, based on information and belief, that the complaint, or portions thereof, are barred by the applicable statute of limitation, including, but not limited to, those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 337, 338, 340, and 343, California Civil Code Sections 1785.33 and 1786.52, 15 U.S.C. § 1681p, California Business and Professions Code Section 17208, and all other applicable limitations, statutes and requirements.

1

**THIRD AFFIRMATIVE DEFENSE**

2

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

3      3.      Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each

4  purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of

5  waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiff's,

6  and/or the putative class member's own acts and/or omissions.

7

**FOURTH AFFIRMATIVE DEFENSE**

8

(Failure to Mitigate)

9      4.      Defendant alleges, based on information and belief, that Plaintiff and/or the putative

10  class members has failed to mitigate, minimize, or avoid their purported damages.  Defendant further

11  alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such

12  amounts should be deducted from any award of damages.

13

**FIFTH AFFIRMATIVE DEFENSE**

14

(Avoidable Consequences Doctrine)

15      5.      Defendant alleges, based on information and belief, that the claims of Plaintiff and/or

16  the putative class members are barred, in whole or part, by the avoidable consequences doctrine.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

(No Standing)

19      6.      Defendant alleges, based on information and belief, that Plaintiff lacks standing to sue

20  Defendant on behalf of himself and/or the putative class members, with respect to Plaintiff's

21  Complaint or portions thereof.

22

**SEVENTH AFFIRMATIVE DEFENSE**

23

(Good Faith Defense)

24      7.      Defendant alleges, based on information and belief, that at all times relevant to

25  Plaintiff's Complaint, Defendant followed reasonable procedures and has good faith defenses, based

26  in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff and/or the putative class

27  members based on the allegations in the Complaint.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

8.      Although Defendant denies that it owes any amounts to Plaintiff, or to any other employees, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and/or the putative class members.

**NINTH AFFIRMATIVE DEFENSE**

(Unconstitutional)

9.      Defendant alleges, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and, thus, or otherwise violate Defendant's rights under the United States and California Constitutions as to, among other things, due process of law.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Injury or Harm)

10.      Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff and/or the putative class members did not suffer any actual injury or harm as a result of a knowing and intentional violation or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

11.      Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class members are barred to the extent that any award in this action is speculative and uncertain or would constitute unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

(Multiple Recovery)

12.      Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class members are barred in whole or in part to the extent that Plaintiff seeks multiple recovery for the same alleged wrong or wrongs.

- 4 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Release)

13.    Defendant alleges, based on information and belief, that the Complaint, or portions thereof, is barred because Plaintiff, and/or the putative class members, has released some or all such claims alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*)

14.    Defendant alleges, based on information and belief, that the purported claims of Plaintiff and/or the putative class members are barred, in whole or in part, by the doctrines of *res judicata* and *retraxit*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

15.    Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code Section 17200, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Practice Not Unfair)

16.    Plaintiff's claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code Section 17200.  The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiff and/or the putative class members, among other things.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Clerical Error or Inadvertent Mistake)

17.    Although Defendant denies that it was violated, or caused to be violated, the California Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be determined that a violation occurred, then Defendant alleges, upon information and belief, that the violation was due to clerical error or inadvertent mistake.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

18.    Plaintiff's claims for damages are barred because they are speculative and uncertain.

**NINETEENTH AFFIRMATIVE DEFENSE**

(*De Minimis* Time)

19.    Defendant alleges, based on information and belief, that to the extent Plaintiff and/or the putative class members were not paid for all hours worked for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Offset)

20.    Defendant alleges, based on information and belief, that certain amounts sought to be recovered in this action are subject to an offset and, therefore, are barred in whole or in part.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Meal and Rest Period Waiver)

21.    Defendant alleges, based on information and belief, that certain purported causes of action of the Complaint are barred insofar as Defendant had in place policies and procedures that ensured employees were provided meal and rest periods as required by California law, and any failure to take these meal and rest periods by Plaintiff and any other putative class members was the result of their voluntary waiver.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(First and Second Meal Period Waiver)

22.    Defendant alleges, based on information and belief, that certain purported causes of action of the Complaint are barred insofar as Plaintiff and any other putative class members agreed by mutual consent with Defendant to waive their first meal period where the total work period per day was no more than six hours, and they agreed by mutual consent with Defendant to waive their second meal period where the total hours worked was no more than twelve hours and the first meal period was not waived.

- 6 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (FAAAA Preemption)

23.     Defendant alleges, based on information and belief, that the Complaint is barred and preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501, *et seq.*

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Conflict of Laws)

24.     Defendant alleges, based on information and belief, that the Complaint is barred and/or preempted, in whole or in part to the extent that Plaintiff's claims are predicated under any law or regulation which conflicts with federal regulation of hours or service, transportation, or transportation safety including but not limited to the federal Motor Carrier Act and federal Department of Transportation regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (FMCSA Preemption)

25.     Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the regulations and decisions promulgated by the Federal Motor Carrier Safety Administration, including, but not limited to, the FMCSA's hours of service regulations. *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 Fed. Reg. 67470, 67470 (Dec. 28, 2018).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

26.     Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the Commerce Clause and/or the Supremacy Clause of the United States Constitution and/or the regulations promulgated by the Federal Motor Carrier Safety Administration.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (First To File Rule/Exclusive Concurrent Jurisdiction/Abatement)

27.     Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class are barred, in whole or in part, because there are other actions already pending

– 7 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

between Plaintiff and/or the putative class members, or certain of them, including, but limited to, in connection with the wage-and-hour class and representative actions in the U.S. District Court for the Northern District of California, *Salnave Keefer v. Ryder Integrated Logistics, Inc. & Hadco Metal Trading Co., LLC*, Case No. 4:21-cv-07503-HSG, and *Jose Johnson & Ignacio Parks v. Ryder Transportation Solutions, LLC*, Case No: 22-cv-07456-AGT, and Defendant thereby barring this action, in whole or in part, under Code of Civil Procedure Section 430.10(c), the first to file rule, the common law doctrine of exclusive concurrent jurisdiction, and/or the inherent discretion of this Court to manage its own docket.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Claims Barred by Labor Code Section 514)

28.    Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff and/or the putative class members are exempt from Labor Code Sections 514 and other applicable provisions of law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies Under the CBA)

29.    Defendant alleges, based on information and belief, that the purported causes of action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because Plaintiff and/or the putative class members have failed to timely exhaust the administrative remedies available and procedures set forth in the collective bargaining agreement that existed at certain times relevant hereto between Defendant and the unions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Preemption)

30.    Defendant alleges, based on information and belief, that the purported causes of action of the Complaint are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at certain times relevant hereto between Defendant and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law.  29 U.S.C. §§ 185(a) and 158(a).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Arbitration Under The Collective Bargaining Agreement)

31.     Defendant alleges, based on information and belief, that Plaintiff's and/or the putative class members' claims, or portions thereof, are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Defendant and the unions.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

32.     Defendant alleges, based on information and belief, that the purported causes of action of Plaintiff and/or the putative class members are barred, in whole or in part, based on one or more accords and satisfactions between them and Defendant and/or releases given by Plaintiff and/or the putative class members.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Penalties Unconstitutional)

33.     Defendant alleges, based on information and belief, that Plaintiff's claims for penalties are unconstitutional under the United States and California Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Constitutionality)

34.     Defendant alleges, based on information and belief, that Plaintiff's claims or portions thereof are barred because the statutes upon which they are premised are unconstitutional in that they violate clauses of the United States Constitution and/or the California Constitution, including but not limited to the fact that the statutes or portions thereof are unconstitutionally vague.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(FCRA Preemption)

35.     Defendant alleges that to the extent Plaintiff and/or any putative class member claims arising under state law against Defendant, including, but not limited to, those brought under the Investigative Consumer Reporting Agencies Act ("ICRAA"), the Consumer Credit Reporting

– 9 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 │ Agencies Act ("CCRAA") and the California Labor Code, are preempted by the Fair Credit Reporting

2 │ Act (FCRA).

3 │ ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

4 │ (No Willful Violation)

5 │       36.     Defendant alleges that to the extent Plaintiff and/or any putative class member claims

6 │ that Defendant willfully violated the FCRA, ICRAA, CCRAA and the Labor Code, which Defendant

7 │ denies, any violation was not willful because Defendant's interpretation of those laws is not

8 │ objectively unreasonable. Defendant alleges further that Plaintiff and the putative class members are

9 │ not entitled to punitive damages because Defendant's reading of its obligations under those laws was

10 │ objectively reasonable.

11 │ ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

12 │ (No Negligent Violation)

13 │       37.     Plaintiff's and/or any putative class member's claims are barred because Defendant's

14 │ conduct was not negligent.

15 │ ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

16 │ (Acts or Omissions of Third Parties)

17 │       38.     Plaintiff's and/or any putative class member's claims are barred, in whole or in part,

18 │ because Plaintiff's and/or any putative class member's alleged damages and/or injury were

19 │ proximately and solely caused by the acts or omissions of third parties for whose conduct Defendant

20 │ is not responsible and/or who acted outside the scope of the authority granted to them.

21 │ ### THIRTY-NINTH AFFIRMATIVE DEFENSE

22 │ (Lack of Personal Jurisdiction)

23 │       39.     To the extent Plaintiff seeks to bring claims on behalf of a nationwide, putative class

24 │ that includes non-resident putative class members, this Court lacks personal jurisdiction to resolve the

25 │ claims of said non-resident putative class members. *See Bristol-Myers Squibb Co. v. Superior Ct. of*

26 │ *Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1777 (2017).

27

28

DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
CLASS-ACTION COMPLAINT     

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FORTIETH AFFIRMATIVE DEFENSE**

(Claim Preclusion)

40.    On information and belief, all of Plaintiff's and/or any putative class member's claims against Defendant are barred by the doctrine of claim preclusion.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Issue Preclusion)

41.    On information and belief, all of Plaintiff's and/or any putative class member's claims against Defendant are barred by the doctrine of issue preclusion.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Immunity)

42.    All claims against Defendant are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(No Injunctive or Declaratory Relief)

43.    Plaintiff's and/or any putative class member's claims are barred, in whole or in part, because Plaintiff and/or any putative class members are not entitled to injunctive or declaratory relief under the CCRAA.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Negligence and Acts)

44.    Plaintiff's and/or any putative class member's claims are barred, in whole or in part, to the extent that Plaintiff's and/or any putative class member's own negligent, careless, and/or intentional acts caused and/or contributed to Plaintiff's and/or any putative class member's alleged injuries and/or damages.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

45.    The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement its affirmative defenses asserted herein, and to present

- 11 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

## ADDITIONAL DEFENSES

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. Defendant therefore reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

1.    That the Complaint be dismissed with prejudice;

2.    That Plaintiff takes nothing by virtue of this action;

3.    That judgment be entered in favor of Defendant;

4.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem proper.

Dated:    February 2, 2023          REED SMITH LLP


                                    By:  _____
                                         Mara D. Curtis
                                         Rafael N. Tumanyan
                                         Tanner J. Hendershot
                                         Attorneys for Defendant
                                         RYDER INTEGRATED LOGISTICS, INC.

DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS-ACTION COMPLAINT          **Page 75**

**PROOF OF SERVICE**

**CASE NAME: PERKINS v. RYDER INTEGRATED LOGISTICS INC., et al.**

**CASE NO.:   22CV021674**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On **February 2, 2023**, I served the following document(s): **DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS-ACTION COMPLAINT,** by the method indicated below:

☒    **VIA U.S. MAIL:**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒    **VIA ELECTRONIC MAIL:**

by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| JAMES R. HAWKINS, ESQ. | EMAIL ADDRESSES: |
| GREGORY MAURO, ESQ. | JAMES@JAMESHAWKINSAPLC.COM |
| MICHAEL CALVO, ESQ. | GREG@JAMESHAWKINSAPLC.COM |
| LAUREN FALK, ESQ. | MICHAEL@JAMESHAWKINSAPLC.COM |
| AVA ISSARY, ESQ. | LAUREN@JAMESHAWKINSAPLC.COM |
| **JAMES HAWKINS APLC** | AVA@JAMESHAWKINSAPLC.COM |
| 9880 RESEARCH DRIVE, SUITE 200 | |
| IRVINE, CALIFORNIA 92618 | ATTORNEYS FOR PLAINTIFF |
| PHONE:     (949) 387-7200 | |
| FAX:        (949) 387-6676 | |

☒    **STATE:**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 2, 2023**, at Los Angeles, California.

_ELIZABETH GARCIA-ZAPATA_