UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>RYDER INTEGRATED LOGISTICS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00502-WHO<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 27, 32 |

Proposed Intervenor Tiffany Nance ("*Nance*"), whose counsel is counsel of record in a materially identical case filed in the Eastern District of California four months after this case was filed, moves to intervene in this case.[1] *Nance* argues intervention in this case ("*Perkins*") is necessary in order for her counsel to protect her and similarly situated warehouse workers' currently or formerly employed by defendant Hadco Metal Trading Santa Fe Springs CA d/b/a Ryder Integrated Logistics, Inc. ("Ryder") fiduciary interests in their wage and hour claims.[2] Specifically, *Nance* admits that her counsel wants to intervene in this case in order to: (1) ascertain whether a purported settlement that was reached covering this and another case pending in this District (*Jose Johnson & Ignacio Parks v. Ryder Transportation Solutions, LLC*, Case No. 22-cv-07456-JST, "*Johnson*") but has not yet been submitted for preliminary approval by me, is fair and adequate to her and similarly situated warehouse workers; and (2) to help in "papering" the settlement that has apparently been reached.  She argues that her counsel's fiduciary duties to her

---

[1] *See Nance v. Ryder Integrated Logistics, Inc. et al.*, Eastern District Case No 23-cv-00477-TLN-JDP.

[2] This matter is appropriate for resolution on the papers. Civ. L.R. 7-1(b). The December 13, 2023 hearing is VACATED. The Case Management Conference is continued to February 27, 2024, at 2:00 p.m. and will be cancelled if the anticipated motion for preliminary approval has been filed.

and her putative class would be best served by allowing intervention and points to possible collusion between Ryder and the *Perkins*/*Johnson* plaintiffs.[3]

*Nance* fails to address the numerous recent cases from this District that have denied intervention, as a right or permissive, in similar circumstances. *See, e.g.*, *Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 4170735, at *4 (N.D. Cal. Sept. 14, 2021), *aff'd sub nom. Kang v. Fyson*, No. 22-15694, 2022 WL 6943174 (9th Cir. Oct. 12, 2022) (denying intervention despite contention that "intervention is required to permit him to raise and explore the impact of a supposedly secret side deal," as proposed intervenor did not adequately explain why intervention was not sought earlier nor "why the [] issue cannot be addressed through 'the normal objection process.'"); *Raquedan v. Centerplate of Delaware Inc.*, 376 F. Supp. 3d 1038, 1039 (N.D. Cal. 2019) (denying intervention); *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 4376623, at *1 (N.D. Cal. Aug. 17, 2016); *see also Vallejo v. Sterigenics U.S., LLC*, No. 20-CV-01788-AJB-AHG, 2023 WL 2958465, at *1 (S.D. Cal. Apr. 13, 2023) (denying intervention); *but see Woodard v. Boeing Emps. Credit Union*, No. 2:23-CV-00033, 2023 WL 4847005, at *3 (W.D. Wash. July 28, 2023) (denying intervention as a right but granting permissive intervention to allow movant who filed first suit in another district to "to intervene for the limited purpose of his request to either transfer this case to the [first-filed district] or to stay this case pending resolution of the [first-filed] Lawsuit.").

The central themes of these cases is that intervention is not appropriate where the ability of the proposed intervenor can be protected by the options to opt-out of or object to the proposed settlement. These are adequate mechanisms for *Nance* to challenge the fairness and adequacy of any proposed settlement and protect her own interests here. *See also Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (recognizing that a putative intervenor's concerns may "largely be addressed through the normal objection process").

---

[3] While the *Johnson* case was removed to this Court before the *Perkins* case, plaintiff and defense counsel in both cases have stipulated to consolidate the *Johnson* case with this case and have filed a stipulation to filing a Consolidated Class Action Complaint that sweeps *Johnson* into this case. Dkt. No. 32. That stipulation is GRANTED. Plaintiffs' counsel shall file the Consolidated Class Action Complaint on the docket of this case within 10 days of the date of this Order. Counsel shall file a notice of dismissal without prejudice in the *Johnson* case.

2

*Nance* argues that the result here should be different because the record has evidence of "collusion" between Ryder and the *Perkins*/*Johnson* plaintiffs. But the only evidence of collusion that *Nance* identifies is that her counsel's request to participate in the mediation between Ryder and *Perkins*/*Johnson* was denied and that shortly after her request to participate was made, counsel for *Johnson* was retained by a warehouse worker who participated in the mediation. Those facts are not evidence of collusion.[4] The desire of the *Perkins*/*Johnson* plaintiffs to retain control over the settlement of the case they filed before *Nance* filed hers and to reach a global settlement with Ryder – one that covers both truck drivers and warehouse workers, with named plaintiffs to represent both – is not in and of itself evidence of collusion. That said, if and when a motion for preliminary approval is filed, I will take a hard look at the fairness and adequacy of the proposed settlement and any evidence of collusion will be thoroughly probed.

Finally, *Nance* argues the *Perkins*/*Johnson* plaintiffs are inadequate to represent warehouse workers because the initial *Perkins* and *Johnson* plaintiffs were truck drivers. *Nance* contends that the addition of a warehouse worker as a named plaintiff to the *Johnson* case just days after *Nance's* counsel sought to participate in the mediation, but before that mediation occurred, is somehow improper and calls into question the adequacy of the *Perkins*/*Johnson* investigation into the case and the purported settlement.[5] However, *Nance* does not contest the adequacy or

---

[4] There was evidence of significant collusion in *Gomes v. Eventbrite, Inc*., No. 5:19-CV-02019-EJD, 2020 WL 6381343, at *4 (N.D. Cal. Oct. 30, 2020). There, the Hon. Edward J. Davila granted permissive intervention by state court plaintiffs – whose case was more thoroughly litigated than the federal case. Intervention was allowed as there were serious questions about the ability of the federal plaintiff to adequately represent the class (that would have subsumed the state court action) where the federal plaintiff was alleged to have made misrepresentations to both the state and federal courts and provided questionable justifications to the federal court concerning why "the settlement amount is so low compared to potential damages." *Id*. at *1-2.

[5] The adequacy of the *Perkins*/*Johnson* plaintiffs to represent the interests of *Nance* and similarly situated warehouse works is a consideration for purposes of intervention as of right or permissive. *See, e.g., In re Cloudera, Inc. Sec. Litig*., No. 5:19-CV-03221-LHK, 2021 WL 1238301, at *2 (N.D. Cal. Apr. 2, 2021) ("a putative intervenor must make a 'compelling showing' of inadequacy to rebut the presumption of adequacy. . . . That presumption 'may be overcome by evidence of collusion, nonfeasance, adversity of interest, incompetence, or lack of financial resources.'" (quoting *Brooks v. Life Care Centers of America, Inc*., 2015 WL 13390031, at *2 (C.D. Cal. March 3, 2015)).

sufficiency of the discovery the *Perkins*/*Johnson* plaintiffs secured from Ryder prior to the mediation covering all non-exempt employees (*i.e.*, truck drives and warehouse workers). *See* Ryder Opposition [Dkt. No. 30] at 6 n.1.[6]

The class definition in *Perkins* and the class definition in *Nance* are materially identical. *Compare* Complaint ¶ 38, E.D.C.A. Case No. 23-cv-00477-TLN-JDP with *Perkins* Complaint ¶ 10, Dkt. No. 1, Ex. 5. Both cases sought to cover classes that included all non-exempt workers.[7] *Nance's* counsel now represents that given the "differences" between the regulations and policies covering truck drivers and warehouse workers and based on the discovery both provided and refused to be provided by Ryder to *Nance*, *Nance* "does not intend to certify a class that includes workers employed by Ryder as drivers." *See* Declaration of Ori Edelstein in Support of Motion for Leave to Intervene, Dkt. No. 27-2, ¶ 8. But the fact that differences exist does not make a settlement covering both truck drivers and warehouse workers suspicious or unfair. If, once the *Perkins*/*Johnson* plaintiffs move for preliminary approval of their purported settlement with Ryder, *Nance* believes that the compensation structure of the settlement is unfair or inadequate in the way it accounts for any material differences between different employee positions, I will carefully consider and weigh those arguments in determining whether to grant preliminary or final approval.

The Proposed Intervenor's motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: December 7, 2023

William H. Orrick
United States District Judge

---

[6] When the *Perkins*/*Johnson* plaintiffs move for preliminary approval, I will look closely at the descriptions of what discovery was secured prior to the mediation and ensure that the discovery secured was sufficient for counsel to determine the fairness and adequacy of the proposed settlement.

[7] *Nance* is correct that the positions identified in her Complaint included a list that was "including but not limited to" identified positions that did not include "truck drivers." *Nance* Complaint, ¶ 1. However, the class definition covered all non-exempt employees and *Nance* admits that she sought discovery regarding truck drivers from Ryder, although Ryder apparently refused to produce it. *See* Reply at 4.