**JAMES HAWKINS APLC**
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com

Attorneys for Plaintiffs and the Putative Class

Additional counsel on the following page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUINCY GRIFFIN PERKINS, JOSE JOHNSON, IGNACIO PARKS, AND TIWAN JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HADCO METAL TRADING SANTA FE SPRINGS CA dba RYDER INTEGRATED LOGISTICS INC.; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-00502-WHO<br><br>Consolidated with Case Nos. 3:23-cv-01694-WHO and 4:22-cv-07456-JST<br><br>**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT:**<br><br>**1.  Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>**2.  Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**<br>**3.  Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512**<br>**4.  Failure to Pay Timely Wages Required by Labor Code § 203**<br>**5.  Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>**6.  Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802** |

7.  **Violation of Business &
    Professions Code § 17200, et seq.**
8.  **PAGA Penalties**

**DEMAND FOR JURY TRIAL**

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, Esq. (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiffs
and the Putative Classes

Plaintiffs QUINCY GRIFFIN PERKINS, JOSE JOHNSON, IGNACIO PARKS, AND TIWAN JOHNSON (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants HADCO METAL TRADING SANTA FE SPRINGS CA d/b/a RYDER INTEGRATED LOGISTICS INC. and RYDER TRANSPORTATION SOLUTIONS, LLC; and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I. **JURISDICTION AND VENUE**

1.     This class action is brought pursuant to Federal Rules of Civil Procedure Rule 23.

2.     This Court has jurisdiction over this action pursuant to the Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d).

3.     This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because upon information and belief, one or more of the Defendants reside, transact business, or have offices in this County and/or the acts or omissions alleged herein took place in this County.

## II. **PARTIES**

5.     Plaintiffs QUINCY GRIFFIN PERKINS was employed by Defendants in approximately July 28, 2021, as a Non-Exempt Employee with the title of Truck Driver and worked during the liability period for Defendants until his separation from Defendants' employ in approximately November 17, 2021. Plaintiff's duties included, but were not limited to hauling steel and driving freight trucks.

6.     Plaintiff JOSE JOHNSON started working for Defendants as a truck

driver in July 2021, until his separation from employment on July 26, 2022.

7.    Plaintiff IGNACIO PARKS started working for Defendants as a truck driver in October 2021 until his separation from employment on August 5, 2022.

8.    Plaintiff TIWAN JOHNSON started working for Defendants as a warehouse associate in October 2021 until his separation from employment on April 3, 2023.

9.    Defendant RYDER INTEGRATED LOGISTICS INC. operates as a transportation and logistics business.

10.    Defendant RYDER TRANSPORTATION SOLUTIONS, LLC operates as a transportation and logistics business.

11.    Other than identified herein, Plaintiffs are unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint when their true names and capacities are ascertained.

12.    Plaintiffs are informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

### III. CLASS ACTION ALLEGATION

13.    Plaintiffs bring this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in the actions until its resolution. (collectively referred to as the "Class" or "Plaintiffs' Class" or "Class Members").

14.    Plaintiffs also seek to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work-day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between November 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 4:** All Class Members who have been employed by Defendants at any time between November 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

> **Sub-Class 5:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

15.    Plaintiffs reserve the right under applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiffs are member of the Class as well as each of the Sub-Classes.

16.    The term "Class" includes Plaintiffs and all members of the Class and each of the Sub-Classes, if applicable. Plaintiffs seek class-wide recovery based on

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

the allegations set forth in this complaint.

17.    There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

18.    <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

19.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.    Whether Defendants failed to pay minimum wage compensation to Plaintiffs and Class Members for all hours worked;

ii.    Whether Defendants failed to accurately pay overtime and sick time wages to Plaintiffs and Class Members;

iii.    Whether Defendants failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

iv.    Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiffs and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

v.    Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiffs and Class Members on days they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

vi.    Whether Defendants failed to maintain accurate time record

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

including recording Plaintiffs and Class Members' meal periods pursuant to Labor Code § 1174.5 and the applicable IWC Wage Orders;

vii.    Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

viii.    Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 204, 210, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

ix.    Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to equitable relief pursuant to Business and Professions Code § 17200, *et. seq.*

x.    Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

20.    <u>Typicality</u>. Plaintiffs' claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiffs and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

21.    <u>Adequacy</u>. Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiffs' attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

22.    <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

23.    <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. <u>**FACTUAL ALLEGATIONS**</u>

24.    At all times set forth herein, Defendants employed Plaintiffs and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

25.    Plaintiffs are informed and believes Class Members have at all times

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

26.    Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the job duties related to Defendant's transportation/trucking business.

27.    Plaintiffs are informed and believe, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

28.    Plaintiffs are informed and believe that during the relevant time-frame, all Class Members are citizens of the state of California.

29.    During the relevant time-frame, Defendants compensated Plaintiffs and Class Members based upon an hourly rate.

30.    In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

31.    Defendants also failed to properly calculate Plaintiffs' and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

32.    Furthermore, at all relevant times, Plaintiffs and other non-exempt employees were not paid all overtime wages based on Defendants' invalid and unlawful Alternative Workweek Schedule.

33.    Furthermore, at all relevant times, Defendants also failed in its obligation to provide Plaintiffs and other non-exempt employees the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b), which requires

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

34.    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

35.    Here, at all relevant times, Defendants failed in its obligation to provide Plaintiffs and other non-exempt employees the legally required paid sick days at the legal rate, including all forms of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendants paid sick time below "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).  Based on the foregoing Labor Code violations, Plaintiffs seek all civil and statutory penalties available.

36.    Plaintiffs and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

37.    Plaintiffs and Class Members missed meal breaks several times a week

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

and had late meal breaks. Meal breaks were often interrupted and lasted for less than the 30 minutes required by law. Defendants failed to pay premium wages for missed, short or late meal breaks.

38.     On information and belief, during the relevant time period, Defendants would modify Plaintiffs' and Class Members' time to include lawfully required meal periods even during times when Plaintiffs and Class Members did not receive a full 30-mintues of uninterrupted time for meal periods. Defendants also unlawfully deducted a full 30-minutes of time for meal periods no matter if a Labor Code compliant meal period was provided to Plaintiffs and Class Members. Resulting in an underpayment of minimum and overtime wages.

39.     Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law.

40.     Similarly, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

41.     Often times, Plaintiffs did not take a meal break, but Defendant's system would automatically clock Plaintiffs out for a meal break if he was stopped for more than 30 minutes, despite being at a customer's location and working.

42.     Plaintiffs and Class Members were required to keep their personal cellphones on their persons at all times during their shifts in order to respond to work related calls, even during meal periods.

43.     On information and belief, Plaintiffs and Class Members did not waive their rights to meal periods under the law.

44.     Plaintiffs and the Class Members were not provided with valid lawful

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

1  on-duty meal periods.

2      45.   Despite the above-mentioned meal period violations, Defendants failed

3  to compensate Plaintiffs, and on information and belief, failed to compensate Class

4  Members, one additional hour of pay at their regular rate as required by California

5  law when meal periods were not timely or lawfully provided in a compliant manner.

6      46.   Plaintiffs are informed and believe, and thereon alleges, that

7  Defendants know, should know, knew, and/or should have known that Plaintiffs and

8  the other Class Members were entitled to receive premium wages based on their

9  regular rate of pay under Labor Code §226.7 but were not receiving such

10 compensation.

11     47.   In addition, during the relevant time frame, Plaintiffs and the Non-

12 Exempt Employees were systematically not authorized and permitted to take one net

13 ten-minute paid, rest period for every four hours worked or major fraction thereof,

14 including third rest breaks which is a violation of the Labor Code and IWC wage

15 order.

16     48.   Defendants failed to provide Plaintiffs and on information and belief

17 Class Members with legally required rest periods. For instance, Plaintiffs rarely took

18 any rest breaks due to the busy nature of their work schedule. On a daily basis,

19 Plaintiffs were required to work through rest periods, despite logging his rest

20 periods on the time clock.

21     49.   Plaintiffs and Class Members were required to keep their personal

22 cellphones on their persons at all times during their shifts in order to respond to

23 work related calls, even during rest breaks.

24     50.   Defendants maintained and enforced scheduling practices, policies, and

25 imposed work demands that frequently required Plaintiffs and Class Members to

26 forego their lawful, paid rest periods of a net ten minutes for every four hours

27 worked or major fraction thereof. Such requisite rest periods were not timely

28 authorized and permitted as a result of Defendants' failure to provide relief for

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

Plaintiffs and Class Members to take their lawfully required breaks.

51.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiffs, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

52.     On information and belief, Defendants also required Plaintiffs and Class Members to work off the clock to conduct pre-shift work activities. For instance, on a daily basis, Plaintiffs would arrive approximately 10 minutes early to work to retrieve his paperwork for the day and speak with the dispatcher. Plaintiffs then clocked in from the driver's seat of his truck. Plaintiffs were not compensated for their off the clock pre shift work activities.

53.     Similarly, on information and belief, Defendants also failed to compensate Plaintiffs and Class Members for post-shift activities. On a daily basis, at the end of his shift, Plaintiffs would clock out and then lock up the warehouse prior to leaving. Plaintiffs were not compensated for time spent locking up after clocking out.

54.     On information and belief, Defendants also required Plaintiffs and Class Members to work off the clock because Defendants required employees to use their personal cell phones for work related purposes, on and off the clock. For instance, Defendant's management would call and/or text message Plaintiffs while off the clock to discuss work related matters. Often times, these text messages and phone calls would occur as late as 8:00 p.m. Plaintiffs instructed his boss not to contact him after work for work related purposes. Thereafter, if Plaintiffs did not respond to management's text messages or phone calls, Plaintiffs were written up for it and subject to discipline. Despite these realities of the job, Plaintiffs were never compensated for any of his off-the-clock communications for work purposes.

55.     Defendants also failed to reimburse Plaintiffs and Class Members for

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

business expenses incurred pursuant to Labor Code section 2802. For instance, Plaintiffs and Class Members were required to use their personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiffs and Class Members were required to use their personal cell phones to communicate with Defendants' management, while on and off the clock. Despite these realities, Defendants failed to reimburse Plaintiffs and Class Members for their personal cellphone use.

56.     Defendants also failed to reimburse Plaintiffs and on information and belief Class Members for tools required for the job. For instance, Defendants required Plaintiffs to provide their own pry bar tool, but failed to reimburse Plaintiffs for the out -of-pocket cost.

57.     Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiffs and the Class Members in part because of the above-specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, including premiums due and owing for meal and rest period violations, overtime pay, gross pay and net pay figures from Plaintiffs and the Class Members' wage statements.

58.     Plaintiffs are informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

59.     Defendants violated Labor Code section 203 by failing to timely pay final wages owed.

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

60.    Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)    requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty-minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)    failing to pay overtime and minimum wages;

(d)    failing to provide accurate itemized wage statements;

(e)    failing to timely pay Plaintiffs and Class Members;

(f)    for improper use of consumer credit reports;

(g)    failure to reimburse business expenses; and

(h)    conducting and engaging in unfair business practices.

61.    In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiffs and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

62.    Plaintiffs and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

**FIRST CAUSE OF ACTION**

- 13 -
**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

## FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

63.    Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

64.    At all times relevant, the IWC wage orders applicable to Plaintiffs' and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

65.    At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiffs and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

66.    At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

to the employee, and any applicable penalties pursuant to Section 203.

67.    Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

68.    At all times relevant, Plaintiffs and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

69.    At all times relevant, Plaintiffs and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiffs and Class Members.

70.    At all times relevant, Plaintiffs and Class Members consistently worked off-the-clock, and for unlawfully deducted 30-minute meal periods that were not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiffs and Class Members.

71.    Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

72.    At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiffs and Class Members.

73.    Accordingly, Defendants owe Plaintiffs and Class Members minimum and overtime wages, and have failed to pay Plaintiffs and Class Members their wages owed.

74.    Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiffs and Class Members are entitled to recover their unpaid wages and overtime compensation, as

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

well as interest, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

75.     Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

76.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

77.     Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiffs and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiffs and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiffs's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiffs and Class Members with all their statutorily authorized meal periods.

78.     For the four (4) years preceding the filing of this lawsuit, Defendants

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

failed to provide Plaintiffs and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiffs and the other Class Members have been damaged in an amount according to proof at time of trial.

79.    By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiffs and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

80.    Plaintiffs and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiffs and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code.

81.    On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

82.    As a result of the unlawful acts of Defendants described herein, Plaintiffs and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Against All Defendants)**

83.    Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

84.    Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

85.    Defendants were required to authorize and permit employees such as Plaintiffs and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiffs' and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiffs and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

86.    On information and belief, Defendants created a working environment in which Plaintiffs and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which

- 18 -

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

87.    As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiffs and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY TIMELY PAY WAGES
### (Against All Defendants)

88.    Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

89.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

90.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

91.    During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiffs and Class Members their wages, earned and unpaid, either at the time of discharge, or within

seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

92.     As a result, Defendants are liable to Plaintiffs and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

**<u>FIFTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(<u>Against All Defendants</u>)**

93.     Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

94.     Section 226(a) states that An employer, semi-monthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

95.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code sections 226 and 204 on wage statements that have been

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

provided to Plaintiffs and the Class.

96.   IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

97.   Defendants fail to identify the amounts and hours for items listed on its paystubs, including but not limited to stipend amount.

98.   Defendants have failed to accurately record all time worked.

99.   Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

100.   Plaintiffs and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

101.   Defendants also failed to identify the rate of pay in their paystubs.

102.   Pursuant to Labor Code section 226, Plaintiffs and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

103.   Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## SIXTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

### (Against All Defendants)

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

104.  Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

105.  Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiffs and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of their personal cellphone usage and personal funds usage as described above, which was incurred as a direct consequence of the discharge of duties by Plaintiffs and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements.

106.  Defendants also failed to reimburse Plaintiffs and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Plaintiffs and Class Members were required to use their personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiffs and Class Members were required to use their personal cell phones to communicate with Defendants' management, while on and off the clock. Despite these realities, Defendants failed to reimburse Plaintiffs and Class Members for their personal cellphone use.

107.  Additionally, Defendants also failed to reimburse Plaintiffs and on information and belief Class Members for tools required for the job. For instance, Defendants required Plaintiffs to provide their own pry bar tool, but failed to reimburse Plaintiffs for the out of pocket cost.

108.  Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

109.  As a result of the unlawful acts of Defendants, Plaintiffs and the Class

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.

### (Against All Defendants)

110.    Plaintiffs incorporate and re-alleges each and every allegation contained above as though fully set forth herein.

111.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and Class Members, Defendants' competitors, and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

112.    Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

113.    A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate itemized wage statements and failing to provide Plaintiffs and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

114.    Plaintiffs and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

115.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiffs and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## EIGHTH CAUSE OF ACTION

### THE PRIVATE ATTORNEYS GENERAL ACT

### LABOR CODE § 2698 *et seq.*

### (Against All Defendants)

116.    Plaintiffs incorporate by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

117.    Plaintiffs have complied with notice requirements pursuant to Labor Code section 2699.3.    Therefore, Plaintiffs may proceed with this action in a representative capacity. The substance and violations set forth in this Complaint of which the LWDA was provided timely notice, Plaintiffs have also sent a copy of this PAGA Representative Action Complaint to the LWDA.

118.    Plaintiffs are aggrieved employees as defined in Labor Code Section 2699(a).    Plaintiffs bring this cause of action on behalf of all current and former California Non-Exempt Employees of Defendants.

119.    Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint, including without limitation Labor Code section 201-203, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and 2698 *et seq.,* applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*

120.    At all times relevant, Plaintiffs and all other aggrieved employees regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the meal and rest break requirements of the applicable IWC wage order and the Labor Code.

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

121.   Defendants violated Labor Code section 200, 558, 1194, 1197, by failing to accurately pay at least minimum wages due as a result of Defendants' requiring Plaintiffs and aggrieved Employees to work off-the-clock as outlined above.

122.   Defendants violated Labor Code section 510, and 1194 by failing to accurately pay overtime wages owed as discussed above due Defendants' requiring Plaintiffs and aggrieved Employees to work off-the-clock as outlined above. Therefore, Defendants violated section 510, and 1194 by not compensating its Non-Exempt Employees for work performed in excess of eight hours (8) in a day or forty hours in a work week (40). Section 510 of the Labor Code codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

123.   Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

124.   Plaintiffs and all other aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to compensation regular and overtime wages, but to date have not received such compensation, therefore entitling them to penalties under PAGA for violations of Labor Code sections 201-203.

125.   On information and belief, Defendants willfully failed to pay all wages due and owing upon separation from employment.  These wages include but are not limited to regular and overtime wages.

126.   On information and belief, Defendants failed to provide accurate itemized wage statements which failed to include the rate of pay and total hours worked per pay period, failed to account for all hours worked, including overtime, and lastly the accurate accounting of, the lawful meal and rest period premiums due and owing to Plaintiffs and the aggrieved employees, pursuant to Labor Code section 226(a).

127.   Defendants have failed to provide Plaintiffs and aggrieved Employees rates of pay and the hours for which they worked for any given pay period.

128.   Defendants have failed to accurately record all time worked.

129.   Plaintiffs and aggrieved Employees have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

130.   Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

131.   On information and belief, Defendants failed to reimburse Plaintiffs and aggrieved Employees for business expenses incurred as described above. Labor Code § 2802 requires Defendants to indemnify Plaintiffs and aggrieved Employees for necessary expenditures incurred in direct consequences of the discharge of his or her duties. Despite these realities of the job, Defendants failed to provide reimbursements.

132.   Labor Code §2804 states in pertinent part: "Any contract or agreement,

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

133. Additionally, Defendants have no accurate records relating to aggrieved employees' work periods, total daily hours worked, total hours worked per payroll period and applicable pay rates, in violation of Wage Order. Similarly, Defendants failed to maintain accurate records relating to hours worked daily in violation of Labor Code sections 1174(d), 1174.5.

134. As a result of Defendants' unlawful conduct, Plaintiffs and aggrieved employees are entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours worked.

135. Plaintiffs and the Representative aggrieved Employees are entitled to recover Penalties and attorneys' fees and costs sunder Labor Code section 2698, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representative of the Class;

3. That Plaintiffs be appointed as the representative of the Subclass; and

4. That counsel for Plaintiffs are appointed as counsel for the Class and Subclass.

On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiffs and Class members as well as interest and costs;

2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.    For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.    For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.    For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.    For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.    For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.    For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid;

3.    For penalties pursuant to Labor Code §266.3; and

4.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.    For statutory penalties pursuant to Labor Code §2802;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiffs and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide accurate itemized wage statements and failing to provide Plaintiffs and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiffs and Class Members over the last four (4) years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiffs and Class Members are entitled to recover;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

<u>On the Eighth Cause of Action</u>

1.    For penalties according to proof, pursuant to Labor Code § 2698 et seq.;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs and members of the Class and Subclass request a jury trial in this matter.

Dated: November 21, 2023          JAMES HAWKINS APLC


                                  By:/s/ Gregory Mauro
                                  _____
                                     JAMES R. HAWKINS, ESQ.
                                     GREGORY MAURO, ESQ.
                                     MICHAEL CALVO, ESQ.
                                     LAUREN FALK, ESQ.

                                  Attorneys for Plaintiffs and the Putative
                                  Class.

Dated: November 21, 2023          FALAKASSA LAW, P.C.
                                  BOKHOUR LAW GROUP, P.C.


                                  By:/s/ Mehrdad Bokhour
                                  _____
                                     JOSHUA S. FALAKASSA, ESQ.
                                     MEHRDAD BOKHOUR, ESQ.

                                  Attorneys for Plaintiffs and the Putative
                                  Classes

**FIRST AMENDED CONSOLIDATED CLASS AND PAGA ACTION COMPLAINT**