UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RYDER INTEGRATED LOGISTICS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00502-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL** |

Before the Court is Plaintiffs Quincy Griffin Perkins, Jose Johnson, Ignacio Parks, and Tiwan Johnson's ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion"). Plaintiffs and Defendants Ryder Integrated Logistics, Inc. and Ryder Transportation Solutions, LLC's ("Defendants") are collectively referred to herein as the "Parties."

The Parties have agreed to a settlement upon the terms and conditions set forth in the Class Action and PAGA Settlement Agreement ("Agreement").[1] If the settlement receives final approval, then there would be full and final resolution of this action pursuant to the terms of the Agreement.

Having reviewed Plaintiffs' Motion and all papers submitted in support thereof, including the Agreement and the Exhibits thereto as well as the Supplemental and Further Supplemental Briefs, the Declarations of Gregory Mauro, Mehrdad Bokhour, James Hawkins, Tanner J. Hendershot, and Joshua Falakassa, and good cause appearing, IT IS HEREBY ORDERED THAT:

1. The Court hereby GRANTS preliminary approval of the class action and representative action settlement upon the terms and conditions set forth in the Agreement. The Court preliminary finds that the terms of the settlement are fair, reasonable, and adequate, subject

---

[1] Capitalized terms herein shall have the same definitions as in the Agreement and those definitions are incorporated herein by reference.

to further consideration at the Final Fairness and Approval Hearing described below.

2.  For purposes of this Preliminary Approval Order ("Order"), the Court hereby adopts and incorporates all definitions set forth in the Agreement.

3.  The Court preliminary finds that the settlement is the product of informed, non-collusive negotiations conducted at arms' length by the Parties. The Court has considered the alleged merit of Plaintiffs' claims, Defendants' potential liability and defenses, the allocation of settlement proceeds among the Participating Class Members and PAGA Employees, and the fact that the settlement represents a compromise of the Parties' respective positions.

4.  Solely for the purpose of settlement in accordance with the Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws applicable to preliminary settlement approval of class actions have been satisfied, and the Court hereby certifies, for settlement purposes only, the following class (collectively, the "Class"):

> **Class:** All current and former hourly-paid or non-exempt employees of Ryder Transportation Solutions, LLC and/or Ryder Integrated Logistics, Inc. employed in California at any time between October 17, 2018 and January 24, 2024.

5.  Pursuant to the Agreement, and for settlement purposes only, the Court further finds that:

A.  The Class is so numerous that joinder of all members is impracticable;

B.  There are questions of law or fact common to the Class, which predominate over the questions affecting only individual members;

C.  Plaintiffs Quincy Griffin Perkins, Jose Johnson, Ignacio Parks, and Tiwan Johnson will fairly and adequately protect the interests of the Class and are, therefore, appointed as the representatives of the Class ("Class Representatives");

D.  The claims of the Class Representatives are typical of the claims of the Class;

E.  Class/PAGA Counsel – *i.e.*, James Hawkins APLC, Falakassa Law, P.C., and Bokhour Law Group, P.C. – will fairly and adequately protect the interests of the Class, are qualified to represent the Class, and are, therefore, appointed as attorneys for the Class for purposes of settlement; and

  F. Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

  6. The PAGA Employees are defined as: "All current and former hourly-paid or non-exempt employees of Ryder Transportation Solutions, LLC and/or Ryder Integrated Logistics, Inc. employed in California at any time between October 14, 2021 and January 24, 2024."

  7. ILYM Group, Inc. is hereby appointed to serve as the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Agreement, including but not limited to: (i) translating the Notice of Class and PAGA Settlement into Spanish; (ii) printing, mailing, and re-mailing (if necessary), in both English and Spanish, the Notice of Class and PAGA Settlement, and receiving Opt Outs and Objections from Class Members; (iii) preparing and submitting to Participating Class Members and PAGA Employees and government entities all appropriate tax filings and forms; (iv) computing the amount of and distributing Individual Settlement Payments, PAGA Payment Shares, Class Representative Enhancement Awards, and Class/PAGA Counsel attorneys' fees and costs; (v) processing and validating Proof of Work forms, Opt Outs, and Objections; (vi) establishing a qualified settlement fund, as defined by the Internal Revenue Code; and (vii) sending appropriate notices pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

  8. Pursuant to the terms of the Agreement, Defendants are hereby directed to prepare and provide the Class Data to the Settlement Administrator within thirty (30) days of entry of this Order.

  9. Pursuant to the terms of the Agreement, ILYM Group, Inc. is hereby directed to mail the Notice of Class and PAGA Settlement to all Class Members and PAGA Employees via first-class regular U.S. Mail within forty-five (45) days of entry of this Order.

  10. Pursuant to the terms of the Agreement and the notice requirements articulated in Labor Code Section 2699(l)(2), Plaintiffs submitted the proposed settlement to the Labor and Workforce Development Agency (LWDA) at the time this Motion was submitted to this Court for approval.

  11. The Settlement Administrator has already sent notice pursuant to the Class Action

Fairness Act, 28 U.S.C. § 1715.

12. The Court approves as to form and content the Notice of Class and PAGA Settlement ("Notice") attached as Exhibit 1 to the Agreement – as amended to include the narrowed scope of release. *See* Dkt. No. 63, Ex. B. The Court finds that the distribution of the Notice in the manner set forth in this Order and the Agreement is the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to all members of the Class and the PAGA Employees, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Class Members and PAGA Employees entitled thereto.

13. Any Class Members may request to be excluded from the Class and the Class Released Claims by submitting a written Opt Out in accordance with Paragraph 74 in the Agreement. Any such request to Opt Out will be timely only if postmarked no later than the Response Deadline, which is forty-five (45) days after the Notice is initially mailed to the Class Members. Any Class Member who submits a completed, signed and timely written Opt Out shall not be a member of the settlement class, shall be barred from participating in this settlement, shall be barred from objecting to this settlement, and shall receive no benefit from this settlement, except that Class Members who are in the group of PAGA Employees will still receive their PAGA Payment Share and will release the PAGA Released Claims. Class Members shall be bound by this Agreement and shall release all Class Released Claims and PAGA Released Claims unless they submit a completed, signed, and timely Opt Out.

14. Because this settlement resolves claims and actions brought pursuant to PAGA by Plaintiffs acting as a proxy and as Private Attorneys General of, and for, the State of California and the LWDA, no PAGA Employee has the right to exclude himself or herself or Opt Out from the release of the PAGA Released Claims. The PAGA Released Claims were properly noticed to the LWDA pursuant to Section 2698, et seq., and, therefore, are properly released in the Settlement. PAGA Employees will be bound by the release of the PAGA Released Claims upon the approval of the Agreement by the Court at the Final Fairness and Approval Hearing, regardless of whether he or she requested exclusion by submitting an Opt Out as a Class Member, and

regardless of whether he or she cashes a payment from the PAGA Fund.  No PAGA Employee has the right to object to the terms of the settlement in his or her capacity as a PAGA Employee.

15. Any Class Member wishing to object to this settlement shall inform the Court, in writing of his or her intent to object by following the procedure set forth in the Notice.  Any Class Member who intends to object to the Agreement should submit his or her objection to the Court with a postmark on or before the Response Deadline.

16. Any Class Member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the settlement or the award of attorneys' fees and reimbursement of costs to counsel.  The Parties may file any response to the objections submitted by objecting Class Members, if any, at least seven (7) days before the Final Fairness and Approval Hearing.

17. The Final Fairness and Approval Hearing shall be held on December 11, 2024 at 2:00 p.m. before the Honorable William H. Orrick, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, via Zoom Video Conference.  At that time, the Court shall determine: (a) whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Agreement is fair, just, reasonable, and adequate and should be finally approved; (b) whether judgment as provided in the Agreement should be entered herein; (c) whether to approve Class/PAGA Counsel's application for an award of attorneys' fees and costs, and any Class Representative Enhancement Awards to Plaintiffs; and (d) to hear any timely objections to the settlement.

18. The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the Class Members or the PAGA Employees, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the settlement, if appropriate, without further notice to the Class Members or the PAGA Employees.

19. All proceedings in this matter except those contemplated herein and in the Agreement are stayed and suspended until further order of this Court.

20. Pending the Final Fairness and Approval Hearing, Plaintiffs, the Class Members, and the PAGA Employees are hereby enjoined from prosecuting the Class Released Claims and PAGA Released Claims against Defendants and/or the Released Parties.

21. Certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendants or any of the Released Parties, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants or any of the Released Parties to oppose class certification in this action should the proposed settlement not be granted final approval.

22. If for any reason the Court does not execute and file a Final Order and Judgment, or if the Effective Date of the settlement, as defined in the Agreement, does not occur for any reason whatsoever, the Agreement and the proposed settlement that is the subject of this Order, and all evidence and proceedings had in connections therewith, shall be without prejudice to the *status quo ante* rights of the Parties to the litigation, as more specifically set forth in the settlement.

**IT IS SO ORDERED.**

Dated: July 26, 2024

William H. Orrick
United States District Judge