**JAMES HAWKINS APLC**
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, Esq. (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiffs and the Putative Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS, JOSE JOHNSON, IGNACIO PARKS, AND TIWAN JOHNSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HADCO METAL TRADING SANTA FE SPRINGS CA dba RYDER INTEGRATED LOGISTICS INC.: and DOES 1-50, inclusive,<br><br>    Defendants. | **Lead Case No.** 3:23-cv-00502-WHO<br>[Consolidated for all purposes with Case No. 3:23-cv-01694-WHO & Case No. 4:22-cv-07456-JST]<br><br>[Assigned to the Honorable William H. Orrick]<br><br>**FRCP RULE 23 CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND ENTERING JUDGMENT**<br><br>Date: December 10, 2024<br>Time: 10:00 a.m. |

ORDER

1. This matter came on for hearing on December 10, 2024 at 10:00 a.m. in Courtroom 2 of the above-captioned Court on Plaintiffs Quincy Griffin Perkins', Jose Johnson's, Ignacio Parks', and Tiwan Johnson's (collectively, "Plaintiffs") Motion for Final Approval of Class Action and PAGA Settlement, Attorneys' Fees, Enhancement Award, Costs, and Judgment. For purposes of this Order and Judgment, the Court refers to all defined terms (i.e. terms with initial capitalization) as set forth in the Class Action and PAGA Settlement Agreement ("Settlement Agreement") and the amendments thereto. Having received and considered the Settlement Agreement and the amendments thereto, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Plaintiffs' Unopposed Motion for Final Approval and Entering of Final Judgment, the Court grants final approval of the Settlement and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For the reasons set forth in the Preliminary Approval Order Dkt. # 66, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of the Federal Rules of Civil Procedure, Rule 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order.

2. This Order and Judgment Granting Final Approval of Class Action and PAGA Settlement hereby adopts and incorporates by reference the terms and conditions of the parties' settlement agreement, together with the definitions of terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the class action and Lawsuit and over all parties to the Lawsuit, including all Participating Class Members and PAGA Employees.

4. The Notice of Class and PAGA Settlement ("Notice") given to the Class Members and PAGA Employees fully and accurately informed the Class Members and PAGA Employees of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon or exclude themselves from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law. The Notice fairly and adequately described the Settlement, including the right to dispute their workweeks, and provided Class Members and PAGA Employees adequate instructions and a variety of means to obtain additional information. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1). Accordingly, the Court determines that all Participating Class Members and PAGA Employees are bound by this Order and Judgment.

5. The Court finds that two (2) members of the Class requested to Opt Out of the Settlement and there were zero (0) Objections received.

6. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting Final Approval. In particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class/PAGA Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence

regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class/PAGA Counsel. Accordingly, the Court hereby approves the Settlement as set forth in the Settlement Agreement and amendments thereto and expressly finds that said Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement.

7. The Court hereby approves the following to be deducted from the Gross Settlement Amount (or "GSA") and paid. Attorney's fees are to be deducted from the GSA and paid to Class Counsel in the amount of $983,333.33 and litigation costs in the amount of $37,491.38, as compensation for all attorney time spent on this matter from inception through and including the Final Approval Hearing and all other work related to this case and all costs, as these requests are fair and reasonable. Costs to the Settlement Administrator, ILYM Group Inc., shall be paid from the GSA in the amount of $63,750.00 are hereby approved as fair and reasonable. No other costs or fees relief shall be awarded, either against Defendant or any other of the Released Parties, as defined in the Settlement Agreement.

8. The Court hereby approves the Class Representative Enhancement Award of $15,000.00 to each named Plaintiff totaling $60,000.00, which shall be paid from the GSA. Plaintiffs' Class Representative Enhancement Payment is approved as a service award to Plaintiffs for serving as the class representatives and in consideration and exchange for Plaintiffs' Complete and General Release of all claims as explained in the Settlement. Based on the contributions to the Class, risks incurred, stigma, change of policies, execution of a general release and all other factors presented to the Court, the Court finds this request fair and

reasonable.

9. The Court hereby approves payment from the GSA of a PAGA Award of $60,000.00, with $45,000.00 payable to the Labor Workforce Development Agency ("LWDA"), as this request is fair and reasonable and the remainder of $15,000.00 deducted from the GSA to be paid to the Class Members as stated in the Settlement. The Court approves the Settlement pursuant to the PAGA, including Labor Code section 2699(l) (2).

10. Entry of this Final Judgment shall constitute a full and complete bar against Plaintiffs and the Participating Class Members and PAGA Employees (whether individuals, cumulatively or in any combination or in any manner) and in favor of the Released Parties (as defined in the Settlement) from bringing any Class Released Claims and PAGA Released Claims against Defendants and Released Parties (as defined in the Settlement) (whether individually, cumulatively or in any combination or in any manner), and shall constitute res judicata and collateral estoppel with respect to the Class Released Claims, except to those who timely and properly opted out of the Settlement pursuant to the terms of the Settlement Agreement, and the PAGA Released Claims.

11. By operation of the entry of this Final Order and Judgment, as of the Effective Date, the Parties and Class Members, except those who excluded themselves from the Settlement, are ordered to perform their respective duties and obligations under the Settlement.

12. If the Settlement is successfully challenged and, as a result, does not become final and effective in accord with the terms of the Settlement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

13. The Court orders Plaintiffs to submit a copy of this judgment to the

Labor and Workforce Development Agency (LWDA) within 10 days after judgment has been entered by the Court in accordance with Labor Code Section 2699(l)(3).

**IT IS SO ORDERED.**

Date_____, 2024              _____
                                          Hon. William H. Orrick
                                          United States District Judge