UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY GRIFFIN PERKINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RYDER INTEGRATED LOGISTICS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00502-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND AWARDING ATTORNEY FEES, EXPENSES AND ENHANCEMENTS**<br><br>Re: Dkt. No. 69 |

This matter came on for hearing on December 10, 2024 at 10:00 a.m. in Courtroom 2 of the above-captioned Court on Plaintiffs Quincy Griffin Perkins', Jose Johnson's, Ignacio Parks', and Tiwan Johnson's (collectively, "Plaintiffs") Motion for Final Approval of Class Action and PAGA Settlement, Attorneys' Fees, Enhancement Award, Costs, and Judgment. For purposes of this Order and Judgment, the Court refers to all defined terms (i.e., terms with initial capitalization) as set forth in the Class Action and PAGA Settlement Agreement ("Settlement Agreement") and the amendments thereto. Having received and considered the Settlement Agreement and the amendments thereto, the supporting papers filed by the Parties, including submissions required by the Court following the preliminary and final approval hearings, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Plaintiffs' Unopposed Motion for Final Approval and Entering of Final Judgment, the Court grants final approval of the Settlement and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For the reasons set forth in the Preliminary Approval Order Dkt. # 66,

1    which are adopted and incorporated herein by reference, this Court finds that the
2    applicable requirements of the Federal Rules of Civil Procedure, Rule 23 have been
3    satisfied with respect to the Class and the proposed Settlement.  The Court hereby
4    makes final its earlier provisional certification of the Class, as set forth in the
5    Preliminary Approval Order.

6        2.    The Court finds that it has jurisdiction over the subject matter of the class action and Lawsuit and over all parties to the Lawsuit, including all Participating Class Members and PAGA Employees.

    3.    The Notice of Class and PAGA Settlement ("Notice") given to the Class Members and PAGA Employees fully and accurately informed the Class Members and PAGA Employees of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon or exclude themselves from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law.  The Notice fairly and adequately described the Settlement, including the right to dispute their workweeks, and provided Class Members and PAGA Employees adequate instructions and a variety of means to obtain additional information.  The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1).  Accordingly, the Court determines that all Participating Class Members and PAGA Employees are bound by this Order and Judgment.

    4.     The Court finds that two (2) members of the Class requested to Opt Out of the Settlement and there were zero (0) Objections received.

    5.    The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting

2

Final Approval. In particular, the Court finds that the Settlement was reached following adequate discovery and investigation conducted by Class/PAGA Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class/PAGA Counsel. Accordingly, the Court hereby approves the Settlement as set forth in the Settlement Agreement and amendments thereto and expressly finds that said Settlement is fair, reasonable, adequate, and in the best interests of the Class and hereby directs implementation of the remaining terms and conditions of the Settlement Agreement.

6. The Court hereby awards plaintiffs' counsel attorney fees in the amount of 25% of the Gross Settlement Amount ("GSA"). 10% of those attorney fees shall be withheld by the Settlement Administrator pending further Order of the Court upon compliance with the Northern District's Post-Distribution Accounting. Counsel are awarded litigation costs in the amount of $37,491.38. These awards are fair and reasonable. An upward adjustment from the 25% benchmark for attorney fees is not warranted in this case given the minimal amount of work required from counsel prior to settlement and given the repeated inability of class counsel – who are otherwise found to be adequate under Rule 23 – to follow the requirements of the Northern District's Class Action Settlement Guidance which I have adopted as mandatory[1] and given the errors on both the motion for preliminary approval and final approval identified in Dkt. Nos. 51, 62 and herein. Costs to the Settlement Administrator,

---

[1] *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/; see also https://cand.uscourts.gov/judges/orrick-william-h-who/ Standing Order for Civil Cases, ¶ 8 (making Guidance mandatory).

ILYM Group Inc., shall be paid from the GSA in the amount of $63,750.00 are hereby approved as fair and reasonable.[2]  No other costs or fees relief shall be awarded, either against Defendant or any other of the Released Parties, as defined in the Settlement Agreement.

7. The Court hereby approves the Class Representative Enhancement Award of $3,500 to each named Plaintiff totaling $10,500.00, which shall be paid from the GSA.  Plaintiffs' Class Representative Enhancement Payment is approved as a service award to Plaintiffs for serving as the class representatives and in consideration and exchange for Plaintiffs' Complete and General Release of all claims as explained in the Settlement.  Given that each class member provided only basic informal discovery, were kept informed of the litigation, and were available although did not attend mediation in person, an award in excess of $3,500 is not warranted.

8. The Court hereby approves payment from the GSA of a PAGA Award of $60,000.00, with $45,000.00 payable to the Labor Workforce Development Agency ("LWDA"), as this request is fair and reasonable and the remainder of $15,000.00 deducted from the GSA to be paid to the Class Members as stated in the Settlement.  The Court approves the Settlement pursuant to the PAGA, including Labor Code section 2699(l) (2).

9. Entry of this Final Judgment shall constitute a full and complete bar against Plaintiffs and the Participating Class Members and PAGA Employees (whether individuals, cumulatively or in any combination or in any manner) and in favor of the Released Parties (as defined in the Settlement) from bringing any Class

---

[2] In the motion for preliminary approval, class counsel repeatedly represented that the Settlement Administrator, ILYM Group, had agreed to a "not to exceed" bid of $35,000 to administer the class notice and claims. *See* Dkt. No. Dkt. No. 47-1 at 25; 47-5 ¶¶ 50-51. On final approval, class counsel instead sought $63,750.00 for administration costs. Dkt. No. 69. At the final approval hearing, class counsel was unable to explain the discrepancy and, therefore, a supplemental declaration from ILYM was submitted. Dkt. No. 73.  That declaration explains that the initial ILYM bid was for $54,950 (not $35,000 as represented to and approved by the Court on preliminary approval) and even that cost was exceeded due to the unexplained need to send a second CAFA notice to correct errors. *Id*.  These discrepancies and unexplained errors further support my decision to award fees at the benchmark and not the 33% requested by counsel.

Released Claims and PAGA Released Claims against Defendants and Released Parties (as defined in the Settlement and as amended in Dkt. No. 57-1) (whether individually, cumulatively or in any combination or in any manner), and shall constitute res judicata and collateral estoppel with respect to the Class Released Claims, except to those who timely and properly opted out of the Settlement pursuant to the terms of the Settlement Agreement, and the PAGA Released Claims.

10. By operation of the entry of this Final Order and Judgment, as of the Effective Date, the Parties and Class Members, except those who excluded themselves from the Settlement, are ordered to perform their respective duties and obligations under the Settlement.

11. If the Settlement is successfully challenged and, as a result, does not become final and effective in accord with the terms of the Settlement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

12. The Court orders Plaintiffs to submit a copy of this judgment to the Labor and Workforce Development Agency (LWDA) within 10 days after judgment has been entered by the Court in accordance with Labor Code Section 2699(l)(3).

**IT IS SO ORDERED.**

Dated: December 16, 2024

William H. Orrick
United States District Judge